NUMBER 13-07-00092-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


KEITH M. COLE, Appellant,


v.


CHARLES FRIZZELL, DONNA LATHAM,

AND CHARLES WAKEFIELD, Appellees.

 


On appeal from the 165th District Court of Harris County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Justice Garza


 

 Appellant, Keith M. Cole, an inmate confined in the Eastham Unit of the Texas
Department of Criminal Justice ("TDCJ") system, appeals the trial court's granting of joint
motions for summary judgment filed by appellees, Charles Frizzell, Donna Latham, and
Gary Wakefield. (1) By three issues, Cole contends that: (1) the trial court erred in
concluding that he failed to prove his claim for deliberate indifference pursuant to the
Eighth Amendment of the United States Constitution; (2) the trial court erred in concluding
that appellees were entitled to qualified immunity; and (3) he raised fact issues that
precluded the trial court from granting appellees' motions for summary judgment. See U.S.
Const. amend. VIII. We affirm.

I. Factual and Procedural Background

 Cole, proceeding pro se, alleges that he has been diagnosed with several life-threatening diseases and other painful ailments while incarcerated, including diagnoses
of heart disease on April 14, 2004, arthritis in his right shoulder on April 10, 2002, and
hypertension. (2) Cole contends that the actions of TDCJ employees have exacerbated his
injuries and medical conditions by forcing him to work in the prison fields on the "hoe
squad." (3) Cole asserts that TDCJ employees were deliberately indifferent to his medical
conditions, and as a result, he was subjected to cruel and unusual punishment in violation
of the Eighth Amendment of the United States Constitution. See id. 

 On December 6, 2004, Cole filed his original petition with the trial court, asserting
that TDCJ employees violated his Eighth Amendment rights to be free from cruel and
unusual punishment by displaying deliberate indifference to his serious medical needs and
seeking monetary damages. (4) See id. Specifically, Cole alleged that such deliberate
indifference resulted in "limited mobility, excruciating pain in the right clavical, and the
exacerbation of his heart disease." Cole named the following parties in his original petition
in their individual and official capacities: TDCJ, the University of Texas Medical Branch
("UTMB"), Gary Wakefield, Charles Frizzell, Francis Cherian, Robert Young, David Onuors,
Donna Latham, Vernette Porter, and Betty Williams. Cherian, Young, Onours, Porter, and
Williams were not properly served with process and, therefore, did not file an answer or
appear in this case. As such, they are not parties to this appeal.

 On May 12, 2005, TDCJ and UTMB filed a plea to the jurisdiction. The trial court
granted the plea to the jurisdiction on October 24, 2005, thereby dismissing Cole's claims
as to TDCJ and UTMB. Frizzell, Latham, and Wakefield remained parties to the suit. 
Appellees jointly filed traditional and no-evidence motions for summary judgment on
September 25, 2006, which were subsequently granted on November 27, 2006. On
December 12, 2006, Cole filed his notice of appeal and a motion with the trial court
requesting findings of fact and conclusions of law. The trial court denied Cole's request
for findings of fact and conclusions of law on March 22, 2007. This appeal ensued. 

II. Standard of Review

A. Traditional Motion for Summary Judgment

 Under a traditional motion for summary judgment, the movant must establish that
no material fact issue exists and that it is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); Alaniz v.
Hoyt, 105 S.W.3d 330, 345 (Tex. App.-Corpus Christi 2003, no pet.); Mowbray v. Avery,
76 S.W.3d 663, 690 (Tex. App.-Corpus Christi 2002, pet. denied). After the movant
produces evidence sufficient to show it is entitled to summary judgment, the non-movant
must then present evidence raising a fact issue. See Walker v. Harris, 924 S.W.2d 375,
377 (Tex. 1996). 

B. No-Evidence Motion for Summary Judgment

 Texas Rule of Civil Procedure 166a(i) provides that "a party without presenting
summary judgment evidence may move for summary judgment on the ground that there
is no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof." Tex. R. Civ. P. 166a(i). The trial court
must grant the motion if the non-movant does not produce summary judgment evidence
raising a genuine issue of material fact on each element challenged. Id.; Mack Trucks v.
Tamez, 206 S.W.3d 572, 582 (Tex. 2006). The non-movant must produce more than a
scintilla of probative evidence to raise an issue of material fact. Oasis Oil Corp. v. Koch
Ref. Co. L.P., 60 S.W.3d 248, 252 (Tex. App.-Corpus Christi 2001, pet. denied). More
than a scintilla of evidence exists when the evidence "rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions." Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). We "must examine the entire record in
the light most favorable to the non-movant, indulging every reasonable inference and
resolving any doubts against the motion." Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex.
2006) (per curiam); see City of Keller v. Wilson, 168 S.W.3d 802, 824 (Tex. 2005). III. Analysis


 In his first and third issues, Cole argues that appellees knew of and deliberately
disregarded his serious medical conditions. Specifically, Cole takes issue with his work
assignment in the fields on the "hoe squad" despite having heart disease, an arthritic
shoulder, diabetes, and hypertension. Cole also takes issue with Latham's alleged
"inadequate assessment of chest pain and hypertensive emergencies and urgencies" in
the "nursing triage" unit. Appellees counter by arguing that competent summary judgment
evidence demonstrates that Cole's medical needs were addressed and evaluated;
therefore, his claims for deliberate indifference must fail as a matter of law.

A. Deliberate Indifference

 The government is required to provide medical care for its prisoners. Estelle v.
Gamble, 429 U.S. 97, 103 (1976). In Estelle, the United States Supreme Court concluded
that "deliberate indifference to serious medical needs of prisoners constitutes the
'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Id. at
104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)); County of El Paso v. Dorado,
180 S.W.3d 854, 863 (Tex. App.-El Paso 2005, pet. denied) (holding that a prisoner's 
right to be free from jail officials' deliberate indifference to their serious medical needs
springs from both procedural and substantive due process). Therefore, in order to
establish liability, the inmate must "show that a state official acted with deliberate
indifference to a substantial risk of serious medical harm and that injuries resulted." 
County of El Paso, 180 S.W.3d at 863 (quoting Wagner v. Bay City, 227 F.3d 316, 324 (5th
Cir. 2000)).

 In proving deliberate indifference, the inmate must prove that the jail official was
subjectively aware of facts from which an inference could be drawn that a substantial risk
of serious harm existed and then actually drew such an inference. Farmer v. Brennan, 511
U.S. 825, 837 (1994); see County of El Paso, 180 S.W.3d at 863. The plaintiff must also
establish that the jail official's response to the perceived risk of harm shows that official's
deliberate indifference. Farmer, 511 U.S. at 844-45. Essentially, an inmate must
demonstrate that the state official acted with culpability clearly beyond that of mere
negligence. McClendon v. City of Columbia, 305 F.3d 314, 326 (5th Cir. 2002) (en banc)
(per curiam). "Only the most egregious official conduct can be said to be arbitrary in the
constitutional sense." Id. at 326 (citing County of Sacramento v. Lewis, 523 U.S. 833, 846
(1998)). The behavior must rise to a level that "shocks the conscience"; the due process
guarantee "does not entail a body of constitutional law imposing liability whenever
someone cloaked with state authority causes harm." Id. (citing Lewis, 523 U.S. at 848). 
"Liability for negligently inflicted harm is categorically beneath the threshold of
constitutional due process." Id. 

B. Discussion

 Cole's claims against Latham pertain to a single triage visit on August 25, 2003. 
Cole does not assert that Latham ignored his medical condition altogether; instead, he
disputes the adequacy of Latham's treatment and asserts that she gave him an
"inadequate assessment." See County of El Paso, 180 S.W.3d at 868 ("An inmate's
disagreement with the kind of medical treatment that he has received is insufficient as a
matter of law to state an Eighth Amendment violation."). Evidence of inadvertent failure
to provide medical care or negligent diagnosis are insufficient to establish "unnecessary
and wanton infliction of pain" in violation of the Eighth Amendment. Wilson v. Seiter, 501
U.S. 294, 297 (1991) (holding that "inadvertent failure to provide adequate medical care"
fails to establish the requisite culpable state of mind.); Estelle, 429 U.S. at 105-06; see Doe
v. Taylor Indep. Sch. Dist., 15 F.3d 443, 450 (5th Cir. 1994) (noting that section 1983 does
not impose liability for violations of the duty of care arising under tort law); Varando v.
Lynaugh, 920 F.2d 320, 321 (5th Cir. 1993) (holding that unsuccessful medical treatment,
"mere negligence, neglect[,] or medical malpractice" do not give rise to a section 1983
cause of action); see also County of El Paso, 180 S.W.3d at 865, 868 (stating that alleged
"medical malpractice does not become a constitutional violation merely because the victim
is a prisoner" and "[e]vidence of sick call requests, examinations, diagnoses[,] and
medications may rebut an inmate's claim of deliberate indifference"). Cole has not
established that Latham was deliberately indifferent to his medical conditions. 

 The record does not contain evidence establishing that either Frizzell or Wakefield
were aware of facts from which an inference could have been drawn that a substantial risk
of serious harm existed and that they actually drew such an inference. See County of El
Paso, 180 S.W.3d at 863 ("The inmate must also prove that the jail official was subjectively
aware of facts from which an inference could be drawn that a substantial risk of serious
harm existed and then actually drew such an inference."). With respect to Frizzell, Cole
asserts that "[i]n order to satisfy the 'STATE OF MIND INTENT' of deliberate indifference,
Plaintiff alledged [sic] that his job reassignment was done in 'RETALIATION' due to his
complaint of racial discrimination." (5) However, this contention was not raised in the trial
court and therefore was not preserved for appeal. See Tex. R. App. P. 33.1. Cole did not
provide additional evidence to establish either Frizzell's state of mind or his actual
knowledge of Cole's medical conditions. See McClendon, 305 F.3d at 326 n.8 ("The state
actor's actual knowledge is critical to the inquiry. A state actor's failure to alleviate 'a
significant risk that he should have perceived but did not,' while 'no cause for
commendation,' does not rise to the level of deliberate indifference.") (quoting Farmer, 511
U.S. at 837); see also County of El Paso, 180 S.W.3d at 866 ("Actions and decisions by
officials that are merely inept, erroneous, ineffective, or negligent do not amount to
deliberate indifference . . . ."). 

 Cole alleges that Wakefield is liable for deliberate indifference merely because he
is the supervisor of the Eastham facility. However, in analyzing the legislative history of
section 1983 of the United States Code, the United States Supreme Court has concluded
that Congress did not intend for supervisory officials to be liable for the acts or omissions
of subordinates on any theory of vicarious liability. See Monell v. Dep't of Social Servs. of
N.Y., 436 U.S. 658, 692 (1978); see also McQueen v. Beecher Cmty. Schs., 433 F.3d 460,
470 (5th Cir. 2006) (noting that a plaintiff must show that a supervisor at least "implicitly
authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of the
alleged offending parties to establish liability under section 1983; "simple awareness of
employees' misconduct" or liability "based solely on the right to control employees" is not
enough). Cole has not tendered evidence indicating that Wakefield "implicitly authorized,
approved, or knowingly acquiesced in the unconstitutional conduct" of the alleged offending
parties. See Geter v. Fortenberry, 849 F.2d 1550, 1553 (5th Cir. 1988) (holding that a
section 1983 claim cannot be established merely by conclusory allegations). 

 Furthermore, Cole claims that both Frizzell and Wakefield violated TDCJ policies
for handling inmates with serious medical conditions and that such violations amount to a
constitutional violation. Specifically, Cole alleges that Frizzell and Wakefield ignored his
diagnosed medical conditions and forced him to work in the fields on the "hoe squad,"
which amounted to a violation of TDCJ policies. A violation of TDCJ policy neither gives
rise to a constitutional violation nor entitles a prisoner to section 1983 relief. Hernandez
v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Therefore, based on the foregoing, Cole's
deliberate indifference assertions as to Frizzell and Wakefield must also fail. 

 Based on our review of the record, it is clear to this Court that Cole has failed to
establish that appellees were deliberately indifferent to his medical conditions. Because
Cole has not produced summary judgment evidence raising an issue of material fact
pertaining to his indifference claims, the trial court did not err in granting appellee's motions
for summary judgment on traditional grounds. See Tex. R. Civ. P. 166a(c). Accordingly,
we overrule Cole's first and third issues on appeal.

 We need not address Cole's second issue because we have concluded that Cole
has not raised an issue of material fact establishing that appellees were deliberately
indifferent to his medical needs. See Tex. R. App. P. 47.1.

IV. Conclusion

 We affirm the judgment of the trial court.


 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 14th day of August, 2008. 





1. Although Cole included an incorrect styling of the case: "Keith M. Cole v. Donna Frizzell, Donna
Latham, and Charles Wakefield," it is clear that he takes issue with the actions of Texas Department of
Criminal Justice ("TDCJ") employees Charles Frizzell, Donna Latham, and Gary Wakefield. 


 Gary Wakefield is the Assistant Warden of the TDCJ Eastham Unit, Charles Frizzell is the Chief of
Unit Classification of the TDCJ Eastham Unit, and Donna Latham is a registered nurse working at the TDCJ
Eastham Unit.
2. On appeal, Cole notes that he has filed numerous complaints with TDCJ officials "in regrard [sic]
to being compelled to work in the fields despite suffering from several ailments. I.E. [sic] SHOULDER PAIN,
FOOT PAIN, MEMORY LOSS, TIREDNESS, DRUNK, DIZZY, HYPOGLYCEMIA, CONSTANT HUNGER,
HEAT STRESS, HYPERTENSION, DIABETIS [sic] CHEST PAINS." In fact, Cole admits that he was a
habitual visitor of the medical facilities in the Eastham Unit. Cole noted that "he had filed numerous other sick
call request [sic] and medical complaints not listed in these exhibits." The evidence demonstrates that Cole
was seen and treated by medical personnel at the Eastham Unit each time he had a complaint. Moreover,
the record contains an affidavit from Bobby M. Vincent, M.D., the Medical Director at the Estelle/Regional
Medical Facility of the TDCJ. Upon reviewing Cole's entire medical record, Dr. Vincent concluded that there
was "no consistent evidence that would indicate that any deliberate indifference occurred concerning any
medical issue in Mr. Cole's medical files. The care provided to this patient by all entities appears to have been
appropriate in every way."
3. Cole also complains on appeal that TDCJ officials, particularly Wakefield, were required "to
determine when and if weather conditions warrented [sic] any special safety precautions." Because of his
diabetes and hypertension, Cole contends that he "SHOULD [have] BE[en] EXCLUDED FROM WORK
UNDER CONDITIONS OF EXTREME HEAT AND HUMIDITY." Specifically, Cole notes that he was exposed
to heat indices of over 105 degrees Fahrenheit even though he alleges that he should not have been working
in the fields on the "hoe squad" when the temperature was 85 degrees Fahrenheit or higher.
4. Cole's original petition was brought within the purview of title 42, section 1983 of the United States
Code. See 42 U.S.C. § 1983 (West 2003 & Supp. 2005). Section 1983 states, in relevant part: "Every person
who, under color of any statute, ordinance, or regulation, custom, or usage, of any state . . . subjects, or
causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit
in equity, or other proper proceeding for redress . . . ." Id.
5. Cole "conceeds [sic] that he did not raise the issue of Retaliation in his original petition, but he insist
[sic] that retaliation was the 'MOTIVATING FACTOR' for his reassignment to a field force hoe squad."