

**NUMBER 13-07-00092-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KEITH M. COLE,                                                                                    Appellant,

v.

CHARLES FRIZZELL, DONNA LATHAM,
AND CHARLES WAKEFIELD,                                                            Appellees.

**On appeal from the 165th District Court of Harris County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Garza**

Appellant, Keith M. Cole, an inmate confined in the Eastham Unit of the Texas

Department of Criminal Justice ("TDCJ") system, appeals the trial court's granting of joint

motions for summary judgment filed by appellees, Charles Frizzell, Donna Latham, and

Gary Wakefield.[1]  By three issues, Cole contends that:  (1) the trial court erred in concluding that he failed to prove his claim for deliberate indifference pursuant to the Eighth Amendment of the United States Constitution; (2) the trial court erred in concluding that appellees were entitled to qualified immunity; and (3) he raised fact issues that precluded the trial court from granting appellees' motions for summary judgment. *See* U.S. CONST. amend. VIII.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cole, proceeding pro se, alleges that he has been diagnosed with several life-threatening diseases and other painful ailments while incarcerated, including diagnoses of heart disease on April 14, 2004, arthritis in his right shoulder on April 10, 2002, and hypertension.[2]  Cole contends that the actions of TDCJ employees have exacerbated his injuries and medical conditions by forcing him to work in the prison fields on the "hoe

---

[1] Although Cole included an incorrect styling of the case: "*Keith M. Cole v. Donna Frizzell, Donna Latham, and Charles Wakefield*," it is clear that he takes issue with the actions of Texas Department of Criminal Justice ("TDCJ") employees Charles Frizzell, Donna Latham, and Gary Wakefield.

Gary Wakefield is the Assistant Warden of the TDCJ Eastham Unit, Charles Frizzell is the Chief of Unit Classification of the TDCJ Eastham Unit, and Donna Latham is a registered nurse working at the TDCJ Eastham Unit.

[2] On appeal, Cole notes that he has filed numerous complaints with TDCJ officials "in regrard [sic] to being compelled to work in the fields despite suffering from several ailments.  I.E. [sic] **SHOULDER PAIN, FOOT PAIN, MEMORY LOSS, TIREDNESS, DRUNK, DIZZY, HYPOGLYCEMIA, CONSTANT HUNGER, HEAT STRESS, HYPERTENSION, DIABETIS** [sic] **CHEST PAINS.**"  In fact, Cole admits that he was a habitual visitor of the medical facilities in the Eastham Unit.  Cole noted that "he had filed numerous other sick call request [sic] and medical complaints not listed in these exhibits."  The evidence demonstrates that Cole was seen and treated by medical personnel at the Eastham Unit each time he had a complaint.  Moreover, the record contains an affidavit from Bobby M. Vincent, M.D., the Medical Director at the Estelle/Regional Medical Facility of the TDCJ.  Upon reviewing Cole's entire medical record, Dr. Vincent concluded that there was "no consistent evidence that would indicate that any deliberate indifference occurred concerning any medical issue in Mr. Cole's medical files.  The care provided to this patient by all entities appears to have been appropriate in every way."

2

squad."[3] Cole asserts that TDCJ employees were deliberately indifferent to his medical conditions, and as a result, he was subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. *See id.*

On December 6, 2004, Cole filed his original petition with the trial court, asserting that TDCJ employees violated his Eighth Amendment rights to be free from cruel and unusual punishment by displaying deliberate indifference to his serious medical needs and seeking monetary damages.[4] *See id.* Specifically, Cole alleged that such deliberate indifference resulted in "limited mobility, excruciating pain in the right clavical, and the exacerbation of his heart disease." Cole named the following parties in his original petition in their individual and official capacities: TDCJ, the University of Texas Medical Branch ("UTMB"), Gary Wakefield, Charles Frizzell, Francis Cherian, Robert Young, David Onuors, Donna Latham, Vernette Porter, and Betty Williams. Cherian, Young, Onours, Porter, and Williams were not properly served with process and, therefore, did not file an answer or appear in this case. As such, they are not parties to this appeal.

On May 12, 2005, TDCJ and UTMB filed a plea to the jurisdiction. The trial court granted the plea to the jurisdiction on October 24, 2005, thereby dismissing Cole's claims as to TDCJ and UTMB. Frizzell, Latham, and Wakefield remained parties to the suit.

---

[3] Cole also complains on appeal that TDCJ officials, particularly Wakefield, were required "to determine when and if weather conditions warrented [sic] any special safety precautions." Because of his diabetes and hypertension, Cole contends that he "SHOULD [have] BE[en] EXCLUDED FROM WORK UNDER CONDITIONS OF EXTREME HEAT AND HUMIDITY." Specifically, Cole notes that he was exposed to heat indices of over 105 degrees Fahrenheit even though he alleges that he should not have been working in the fields on the "hoe squad" when the temperature was 85 degrees Fahrenheit or higher.

[4] Cole's original petition was brought within the purview of title 42, section 1983 of the United States Code. *See* 42 U.S.C. § 1983 (West 2003 & Supp. 2005). Section 1983 states, in relevant part: "Every person who, under color of any statute, ordinance, or regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." *Id.*

Appellees jointly filed traditional and no-evidence motions for summary judgment on September 25, 2006, which were subsequently granted on November 27, 2006. On December 12, 2006, Cole filed his notice of appeal and a motion with the trial court requesting findings of fact and conclusions of law. The trial court denied Cole's request for findings of fact and conclusions of law on March 22, 2007. This appeal ensued.

## II. STANDARD OF REVIEW

### A. Traditional Motion for Summary Judgment

Under a traditional motion for summary judgment, the movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.–Corpus Christi 2003, no pet.); *Mowbray v. Avery*, 76 S.W.3d 663, 690 (Tex. App.–Corpus Christi 2002, pet. denied). After the movant produces evidence sufficient to show it is entitled to summary judgment, the non-movant must then present evidence raising a fact issue. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

### B. No-Evidence Motion for Summary Judgment

Texas Rule of Civil Procedure 166a(i) provides that "a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof." TEX. R. CIV. P. 166a(i). The trial court must grant the motion if the non-movant does not produce summary judgment evidence raising a genuine issue of material fact on each element challenged. *Id.*; *Mack Trucks v.*

*Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).  The non-movant must produce more than a scintilla of probative evidence to raise an issue of material fact.  *Oasis Oil Corp. v. Koch Ref. Co. L.P.*, 60 S.W.3d 248, 252 (Tex. App.–Corpus Christi 2001, pet. denied).  More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."  *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).  We "must examine the entire record in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion."  *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *see City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

## III. ANALYSIS

In his first and third issues, Cole argues that appellees knew of and deliberately disregarded his serious medical conditions.  Specifically, Cole takes issue with his work assignment in the fields on the "hoe squad" despite having heart disease, an arthritic shoulder, diabetes, and hypertension.  Cole also takes issue with Latham's alleged "inadequate assessment of chest pain and hypertensive emergencies and urgencies" in the "nursing triage" unit.  Appellees counter by arguing that competent summary judgment evidence demonstrates that Cole's medical needs were addressed and evaluated; therefore, his claims for deliberate indifference must fail as a matter of law.

### A. Deliberate Indifference

The government is required to provide medical care for its prisoners.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  In *Estelle*, the United States Supreme Court concluded that "deliberate indifference to serious medical needs of prisoners constitutes the

'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *County of El Paso v. Dorado*, 180 S.W.3d 854, 863 (Tex. App.–El Paso 2005, pet. denied) (holding that a prisoner's right to be free from jail officials' deliberate indifference to their serious medical needs springs from both procedural and substantive due process). Therefore, in order to establish liability, the inmate must "show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *County of El Paso*, 180 S.W.3d at 863 (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)).

In proving deliberate indifference, the inmate must prove that the jail official was subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and then actually drew such an inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see County of El Paso*, 180 S.W.3d at 863. The plaintiff must also establish that the jail official's response to the perceived risk of harm shows that official's deliberate indifference. *Farmer*, 511 U.S. at 844-45. Essentially, an inmate must demonstrate that the state official acted with culpability clearly beyond that of mere negligence. *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002) (en banc) (per curiam). "Only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* at 326 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). The behavior must rise to a level that "shocks the conscience"; the due process guarantee "does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Id.* (citing *Lewis*, 523 U.S. at 848).

6

"Liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id.*

## B. Discussion

Cole's claims against Latham pertain to a single triage visit on August 25, 2003. Cole does not assert that Latham ignored his medical condition altogether; instead, he disputes the adequacy of Latham's treatment and asserts that she gave him an "inadequate assessment." *See County of El Paso*, 180 S.W.3d at 868 ("An inmate's disagreement with the kind of medical treatment that he has received is insufficient as a matter of law to state an Eighth Amendment violation."). Evidence of inadvertent failure to provide medical care or negligent diagnosis are insufficient to establish "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (holding that "inadvertent failure to provide adequate medical care" fails to establish the requisite culpable state of mind.); *Estelle*, 429 U.S. at 105-06; *see Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994) (noting that section 1983 does not impose liability for violations of the duty of care arising under tort law); *Varando v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1993) (holding that unsuccessful medical treatment, "mere negligence, neglect[,] or medical malpractice" do not give rise to a section 1983 cause of action); *see also County of El Paso*, 180 S.W.3d at 865, 868 (stating that alleged "medical malpractice does not become a constitutional violation merely because the victim is a prisoner" and "[e]vidence of sick call requests, examinations, diagnoses[,] and medications may rebut an inmate's claim of deliberate indifference"). Cole has not established that Latham was deliberately indifferent to his medical conditions.

7

The record does not contain evidence establishing that either Frizzell or Wakefield were aware of facts from which an inference could have been drawn that a substantial risk of serious harm existed and that they actually drew such an inference. *See County of El Paso*, 180 S.W.3d at 863 ("The inmate must also prove that the jail official was subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and then actually drew such an inference."). With respect to Frizzell, Cole asserts that "[i]n order to satisfy the '**STATE OF MIND INTENT**' of deliberate indifference, Plaintiff alledged [sic] that his job reassignment was done in '**RETALIATION**' due to his complaint of racial discrimination."[5] However, this contention was not raised in the trial court and therefore was not preserved for appeal. *See* TEX. R. APP. P. 33.1. Cole did not provide additional evidence to establish either Frizzell's state of mind or his actual knowledge of Cole's medical conditions. *See McClendon*, 305 F.3d at 326 n.8 ("The state actor's actual knowledge is critical to the inquiry. A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference.") (quoting *Farmer*, 511 U.S. at 837); *see also County of El Paso*, 180 S.W.3d at 866 ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . .").

Cole alleges that Wakefield is liable for deliberate indifference merely because he is the supervisor of the Eastham facility. However, in analyzing the legislative history of section 1983 of the United States Code, the United States Supreme Court has concluded

---

[5] Cole "conceeds [sic] that he did not raise the issue of Retaliation in his original petition, but he insist [sic] that retaliation was the '**MOTIVATING FACTOR**' for his reassignment to a field force hoe squad."

8

that Congress did not intend for supervisory officials to be liable for the acts or omissions of subordinates on any theory of vicarious liability. *See Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 692 (1978); *see also McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (5th Cir. 2006) (noting that a plaintiff must show that a supervisor at least "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of the alleged offending parties to establish liability under section 1983; "simple awareness of employees' misconduct" or liability "based solely on the right to control employees" is not enough). Cole has not tendered evidence indicating that Wakefield "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of the alleged offending parties. *See Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988) (holding that a section 1983 claim cannot be established merely by conclusory allegations).

Furthermore, Cole claims that both Frizzell and Wakefield violated TDCJ policies for handling inmates with serious medical conditions and that such violations amount to a constitutional violation. Specifically, Cole alleges that Frizzell and Wakefield ignored his diagnosed medical conditions and forced him to work in the fields on the "hoe squad," which amounted to a violation of TDCJ policies. A violation of TDCJ policy neither gives rise to a constitutional violation nor entitles a prisoner to section 1983 relief. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Therefore, based on the foregoing, Cole's deliberate indifference assertions as to Frizzell and Wakefield must also fail.

Based on our review of the record, it is clear to this Court that Cole has failed to establish that appellees were deliberately indifferent to his medical conditions. Because Cole has not produced summary judgment evidence raising an issue of material fact

9

pertaining to his indifference claims, the trial court did not err in granting appellee's motions for summary judgment on traditional grounds. *See* TEX. R. CIV. P. 166a(c). Accordingly, we overrule Cole's first and third issues on appeal.

We need not address Cole's second issue because we have concluded that Cole has not raised an issue of material fact establishing that appellees were deliberately indifferent to his medical needs. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX.R.APP.P. 47.2(b)
Memorandum Opinion delivered and
filed this the 14th day of August, 2008.