

IN THE
TENTH COURT OF APPEALS

No. 10-09-00276-CV

HOMER MERRIMAN,

Appellant

v.

XTO ENERGY, INC.,

Appellee

From the 77th District Court
Limestone County, Texas
Trial Court No. 28596-A

MEMORANDUM OPINION

Homer Merriman filed suit against XTO Energy seeking to permanently enjoin XTO from maintaining a well site on Merriman's property. Merriman sought an order requiring XTO to move the well site from the current location. The trial court granted XTO's motion for summary judgment. We affirm.

**Background Facts**

Merriman purchased an approximately 40 acre tract of land in 1996, and his home is located on that tract. Merriman purchased only the surface estate. XTO is the

holder of an oil and gas lease on the severed mineral estate. The deed to Merriman contains a reservation of an easement of ingress and egress for "mining, drilling, exploring, operating, and developing" the minerals.

Merriman is a registered pharmacist and owns his own business. He works six days a week at his pharmacy. Merriman conducts a cattle operation in addition to his work as a pharmacist. Merriman leases approximately 15 other tracts of land for use in his cattle operation.

In his deposition, Merriman stated that the 40 acre "home tract" is the "base unit" for his cattle operation. Once a year, Merriman brings the cows to the home tract to sort them. Merriman sorts the cows into three areas, and he uses stock panels and electric fences to separate the cows. Merriman testified that the fencing is not permanent and that he "turns the whole thing over to grazing" after he moves the cows.

Merriman testified that XTO first contacted him in September 2007 about locating a gas well on his property. He told the landman representing XTO that the proposed well site would interfere with his cattle operations. XTO offered to pay Merriman $10,000 for surface damages, and Merriman declined the settlement offer. XTO began construction of the well site.

Merriman filed suit November 15, 2007 requesting a temporary and permanent injunction enjoining XTO from drilling and maintaining the well anywhere on his property. He did not request a hearing for a temporary injunction and did not seek a temporary restraining order. After the completion of the well, Merriman filed a motion for leave to file an amended petition. Merriman filed an amended petition seeking a

permanent injunction requiring XTO to move the now existing well to another location. Both Merriman and XTO filed motions for summary judgment. The trial court granted XTO's Motion for Summary Judgment and No-Evidence Motion for Summary Judgment without specifying the basis for the ruling. In the sole issue on appeal, Merriman argues that the trial court erred in granting XTO's motion for summary judgment.

## Standard of Review

We review the grant or denial of a traditional motion for summary judgment de novo. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n. 7 (Tex. 2005). To be entitled to summary judgment, the movant must demonstrate that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). In order for a defendant to be entitled to summary judgment, he must either disprove an element of each cause of action or establish an affirmative defense as a matter of law. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

Once the movant satisfies his burden, the burden shifts to the non-movant to produce evidence sufficient to raise a fact issue. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). To determine if a fact issue exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant,

indulging all reasonable inferences in favor of the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985).

No-evidence motions are reviewed under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Accordingly, we review the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.* The nonmovant assumes the burden to present enough evidence to raise a genuine issue of material fact showing that he is entitled to a trial. *General Mills Restaurants, Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 833 (Tex. App.—Dallas 2000, no pet.). A trial court must grant a motion for no-evidence summary judgment unless the nonmovant produces more than a scintilla of evidence that raises a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002).

## Analysis

In his amended petition, Merriman sought a permanent injunction requiring XTO to move the well from his property. XTO must either disprove an element of the cause of action or establish an affirmative defense as a matter of law to be entitled to summary judgment. *American Tobacco Co. v. Grinnell*, 951 S.W.2d at 425.

### Permanent Injunction

To obtain a permanent injunction, a plaintiff must prove (1) the existence of a wrongful act, (2) the existence of imminent harm, (3) the existence of irreparable injury, and (4) the absence of an adequate remedy at law. *Jim Rutherford Investments, Inc. v. Terramar Beach Community Ass'n.*, 25 S.W.3d 845, 849 (Tex. App.—Hous. [14 Dist.] 2000,

pet. den'd). Merriman contends that violating the accommodation doctrine is, in itself, a wrongful act that entitles the surface owner to an injunction.

**Accommodation Doctrine**

The dominant mineral estate has the right to reasonable use of the surface estate to produce minerals, but this right is to be exercised with due regard for the rights of the surface estate's owner. *Getty Oil Co. v. Jones*, 470 S.W.2d 618, 621 (Tex. 1971); *Valence Operating Co. v. Texas Genco, LP,* 255 S.W.3d 210, 215 (Tex. App.—Waco 2008, no pet.). This concept of "due regard," known as the accommodation doctrine, was first articulated in *Getty Oil* and balances the rights of the surface owner and the mineral owner in the use of the surface. *Tarrant County Water Control & Improvement Dist. No. 1 v. Haupt,* Inc., 854 S.W.2d 909, 911 (Tex. 1993); *Valence Operating Co. v. Texas Genco, LP,* 255 S.W.3d at 215. The Court set out the elements of the accommodation doctrine as follows:

> [W]here there is an existing use by the surface owner which would otherwise be precluded or impaired, and where under the established practices in the industry there are alternatives available to the [mineral owner] whereby the minerals can be recovered, the rules of reasonable usage of the surface may require the adoption of an alternative by the [mineral owner].

*Getty Oil Co. v. Jones*, 470 S.W.2d at 622; *Valence Operating Co. v. Texas Genco, LP*, 255 S.W.3d at 215; *Haupt, Inc. v. Tarrant County Water Control & Improvement Dist. No. 1*, 870 S.W.2d 350, 353 (Tex. App.—Waco 1994, no writ).

On rehearing, the Court in *Getty* clarified that it did not hold that the mineral lessee's surface use may be found unreasonable without regard to the surface uses

otherwise available to the surface owner. *Getty Oil Co. v. Jones*, 470 S.W.2d at 627 (on rehearing). The initial inquiry is whether the surface owner had reasonable means of developing his land other than the existing use in question. *Getty Oil Co. v. Jones*, 470 S.W.2d at 628 (on rehearing). The surface owner must show that any alternative uses of the surface, other than the existing use, are impracticable and unreasonable under all of the circumstances. *Getty Oil Co. v. Jones*, 470 S.W.2d at 623; *Haupt, Inc. v. Tarrant County Water Control & Improvement Dist. No. 1*, 870 S.W.2d at 353.

Merriman complains that the location of the well interferes with his cattle operation that once a year involves the placement of temporary fencing and corrals on the land. Therefore, in applying the accommodation doctrine, our initial inquiry is whether Merriman had reasonable means of developing his land for agricultural purposes other than by use of the temporary corral and fencing system in question. Merriman must show that any alternative uses of the surface are impracticable and unreasonable under all of the circumstances.

Merriman brings the cows to the home tract once a year to sort them, and he uses temporary stock panels and electric fencing to separate the cows. After sorting the cows, he removes the fencing and the land is used for grazing. Merriman prefers to access the area near the barn to sort the cattle, and he stated that the current placement of the well renders the barn, pens, and corral useless.

Of the 40 acre tract, Merriman testified that he only uses approximately 100 feet "away from the barn" for his sorting pens and working corral. In his affidavit, Merriman stated that after the construction of the well, he attempted to reconfigure the

corrals and pens to continue to conduct the cattle operation on the property, but that his efforts were "unsuccessful." Merriman did not provide any explanation on why his attempt to reconfigure the corrals and pens was unsuccessful. Merriman testified in his deposition that he cannot reconfigure the pens to another area adjacent to the barn because he has some permanent fencing and it is "easier to add pens to that and then go off from it." Merriman further stated, "this arrangement that I have on this location has been - - through a number of years I have improved it, I have worked on it, and this plan as I have now works the best for me." He acknowledged, however, that the system is temporary.

Merriman leases approximately 15 other tracts of land for use in the cattle operation. One of the leased properties is across the street from his home. He testified that he cannot use that property for sorting the cows because he cannot work the cows with his portable equipment. Merriman acknowledged that he could work the cows in a portable squeeze chute and that he has available for use a portable squeeze chute on another piece of property.

Merriman was asked how he would work his cattle if he is unable to configure the temporary pens and corrals according to the system he developed. He replied that he would have to hire someone to either build or take pens on the individual locations to work the cows. Merriman stated that "would be an option not my choice." Merriman further stated, "It's a matter of the way I like to work my cows. … I like to work my cattle myself the way I like to work them."

There was no violation of the accommodation doctrine because Merriman had reasonable means of developing his land for agricultural purposes. Merriman has alternative uses of his land that are not impracticable or unreasonable. Merriman further has alternative methods of conducting his cattle operation that are not impracticable or unreasonable. Merriman's current method of working his cattle is preferable and convenient for him; however, the convenience of the surface owner is not the sole issue. *See Getty Oil Co. v. Jones*, 470 S.W.2d at 628 (on rehearing).

The accommodation doctrine does not require XTO to relocate the well. Merriman relies upon the accommodation doctrine to establish a wrongful act necessary to obtain a permanent injunction. XTO disproved that element of Merriman's cause of action. Therefore, Merriman was required to produce evidence to raise a fact issue.

In his pleadings, Merriman states that the well site interferes with his cattle operation resulting in the need for more phases to occur, increasing transportation costs and time spent, and causing other inefficiencies. Generally, pleadings are not competent evidence, even if sworn or verified. *Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). Merriman's statements are conclusory, and conclusory statements contained in a motion for summary judgment do not constitute summary judgment evidence. Tex. R. Civ. P. 166a; *Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d at 661. Merriman's affidavit and deposition testimony offer conclusory statements on the well site's effect on his cattle operation. Conclusory statements are not sufficient to raise a fact issue. *Hovorka v. Community*

*Health Systems*, Inc., 262 S.W.3d 503, 511 (Tex. App.—El Paso 2008, no pet.).  Merriman did not raise a fact issue, and the trial court did not err in granting XTO's motion for summary judgment.  We overrule Merriman's sole issue on appeal.

**Conclusion**

We affirm the trial court's order granting XTO's motion for summary judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed May 11, 2011
[CV06]