Deborah FIELDS, Myleshea Fields, and Amber Fields, By And Through Her Next Friend, Deborah Fields, Appellants,

v.

Euline MOORE, Appellee.

No. 06–97–00022–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 28, 1997.

Decided Sept. 22, 1997.

Randell C. Roberts, Roberts & Roberts, Tyler, for appellant.

Robert S. Davis, Cooper, Flowers, Davis, Fraser, Tyler, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

The dispositive question before us is whether the summary judgment evidence raises a fact issue on whether Euline Moore, a landlord, should have reasonably foreseen an unreasonable risk of harm to her tenant, Deborah Fields, from a violent sexual assault by another tenant of Moore's. We conclude that it does not, and we affirm the summary judgment.

Deborah Fields rented a house from Euline Moore. Moore also owned a vacant parcel of land adjacent to the house Fields rented. About a year and a half after renting the house to Fields, Moore permitted her son, Gary Vestal, to move a mobile home on the vacant parcel and reside there. Vestal had been convicted of various drug and alcohol, theft, and burglary offenses, and had undergone psychiatric care after he suffered a serious head injury in an automobile accident in the early 1980s. She did not inform Fields of Vestal's criminal history or his psychiatric history.

After Vestal had lived in the mobile home for about five months, he broke into the house Fields was renting. He entered through an unlocked kitchen window and

sexually assaulted Fields. Her two children saw at least part of the assault. Vestal was later convicted of the aggravated sexual assault and was imprisoned.

Fields sued Moore for damages, contending that Moore's failure to warn her of Vestal's possible criminal conduct and her failure to secure the rental premises against criminal acts constituted negligence and a proximate cause of the assault. The trial court granted summary judgment for Moore, and Fields appeals.

Tort liability depends on the existence of a duty and the violation of that duty. *Lefmark Management Co. v. Old*, 946 S.W.2d 52 (Tex. 1997); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). The existence of a duty is a question of law for the court to decide, unless the facts surrounding the occurrence are disputed. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995). A person ordinarily has no duty to prevent criminal acts of a third party who is not under that person's supervision or control. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996); *Centeq Realty, Inc. v. Siegler, supra; Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985). But a landlord has a duty to warn invitees or tenants of known hidden dangers that present an unreasonable risk of harm. *Lefmark Management Co. v. Old, supra.*

■ A lessor's duty to protect tenants or other persons on the leased property from the criminal acts of third parties does not arise unless there is a reasonably foreseeable risk of harm. *Walker v. Harris, supra; see also* Tracy A. Bateman & Susan Thomas, Annotation, *Landlord's Liability for Failure to Protect Tenant from Criminal Acts of Third Person*, 43 A.L.R.5th 207, at §§ 37, 45 (1996). Consequently, Moore was entitled to summary judgment if she established as a matter of law that it was not reasonably foreseeable that Vestal would commit an assault on Fields. *Walker v. Harris, supra.*

■ Summary judgment is proper only if the movant proves by uncontroverted summary judgment evidence that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.

TEX.R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979). Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issue of material fact are resolved in the nonmovant's favor. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990). A defendant who moves for summary judgment must demonstrate that at least one essential element of each of the plaintiff's causes of action has been disproved as a matter of law. *Hammonds v. Thomas*, 770 S.W.2d 1 (Tex.App.–Texarkana 1989, no writ). Once the defendant has negated an essential element of the plaintiff's cause of action, the burden then shifts to the plaintiff to produce summary judgment evidence of probative force raising a fact issue as to the element negated. *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App.–Houston [1st Dist.] 1989, writ denied).

With regard to a landlord's duty, our Supreme Court has said:

> Whatever duty a lessor may have to protect persons injured on the leased premises against the criminal acts of third parties, that duty does not arise in the absence of a foreseeable risk of harm. Accordingly, the [defendants] are entitled to summary judgment if they established as a matter of law that violent criminal acts ... were not foreseeable.

*Walker v. Harris*, 924 S.W.2d at 377. In *Walker*, a person was stabbed to death at an apartment. His survivors sued the owner for damages on the basis of negligence, including negligent failure to warn. The summary judgment evidence in that case showed that the area was not a high crime area, and that police had never been called to the property because of a violent crime, but that several incidents of vandalism and one instance of theft had been reported. The court concluded that the evidence of other kinds of crimes and the lack of any evidence of prior violent crimes established that the defendants had no reason to foresee the likelihood of violent criminal activity at their property.

■ In our case, Moore knew that her son had a history of drug- and alcohol-related

offenses, but he had no history of violent offenses or sex offenses. Although Moore had heard that her son had a drug problem and had one or more driving while intoxicated charges, she knew of no accusation or report that he had ever engaged in assaultive or other violent conduct. She knew Vestal had stolen a battery out of a truck and was charged with burglary of a vehicle, but she did not know that he had been convicted and placed on probation for burglary of a habitation. She said she suspected, but did not know, that her son may have stolen in order to buy drugs.

Although drugs and alcohol are involved in a large proportion of the crimes that are committed, there is no summary judgment evidence in this record indicating that a person with drug use and DWI problems has a foreseeable propensity to commit violent assaultive crimes. *See Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex.1995). Gang-related violent crime is frequently associated with drug and alcohol offenses, but there is no indication in the record that Vestal was ever involved in gang activities.

Burglary of a habitation is a dangerous crime that sometimes leads to violence if the habitation is occupied, but Moore did not know her son had been convicted for such an offense, and the record contains no summary judgment evidence that should have caused her to reasonably believe he was likely to commit a violent assault.

Like the court in *Walker v. Harris, supra,* we conclude that there is a complete absence of summary judgment evidence showing that it was reasonably foreseeable to Moore that if she allowed her son to move close to Fields he would commit a violent assault against her. For that reason, no duty arose and the negligence actions against Moore have been conclusively negated.

Although Fields asserted several theories of recovery, including failure to warn, control of the property, and lack of superseding cause, foreseeability is an essential ingredient in all of them. As foreseeability here has been conclusively negated, the trial court properly rendered summary judgment.

Fields also asserted a cause of action, on behalf of her daughter, for bystander's injury. Because we have found that Moore's negligence has been conclusively negated, the bystander cause of action likewise fails. *Freeman v. City of Pasadena,* 744 S.W.2d 923 (Tex.1988).

For the reasons stated, we affirm the trial court's judgment.