Joseph and Maria MAURO, Appellants,

v.

GNLV CORP., d/b/a Golden Nugget, Appellee.

No. 06–98–00083–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 21, 1998.

Decided Oct. 22, 1998.

Rehearing Overruled Nov. 24, 1998.

Frank Shor, Law Offices of Frank Shor, Carrollton, for appellant.

Shannon B. Schuster, Calhoun & Stacy, P.C., Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Joseph and Maria Mauro were injured when they chased and apprehended a man who had just stolen two rolls of coins from them while they were playing the slot machines at the Golden Nugget Casino. The Mauros sued the GNLV Corporation, owner of the casino, contending that their injuries were caused by the casino's negligence in failing to have adequate security officers placed at strategic locations in the casino at the time of the theft. GNLV filed a motion for a no evidence summary judgment, contending that the Mauros had no evidence raising a genuine material fact issue on the elements of duty, breach of duty, and proximate cause. Tex.R. Civ. P. 166a(i). The trial court granted summary judgment for GNLV without giving its reasons. We will affirm the judgment because we find that, although the Mauros' summary judgment evidence raised fact issues on the other elements of their cause of action, it failed to raise an issue on the element of duty.

This is a premises liability case, and the Mauros established that they were invitees of the casino. Assuming that the Mauros' injuries were caused by the theft perpetrated against them and their efforts to thwart it, Texas law is clear that the owner or party in control of real property ordinarily has no duty to protect invitees from the criminal act of another. It is only when the owner or party in control knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee that a duty arises. *Walker v. Harris,* 924 S.W.2d 375 (Tex.1996); *Fields v. Moore,* 953 S.W.2d 523 (Tex.App.-Texarkana 1997, no pet.).

The question of duty here is governed by the principles articulated in *Timberwalk Apartments, Partners, Inc. v. Cain,* 972 S.W.2d 749 (Tex.1998). In that case, our Supreme Court held that foreseeability in cases of this kind depends on how recently and how often criminal conduct has occurred on or near the premises involved in the suit. The court further held that, when the general danger is the risk of injury from criminal activity the evidence must show specific previous crimes on or near the premises, and that the complete absence of evidence of previous crimes at the location negates foreseeability.

Although the Mauros produced some summary judgment evidence on other elements of their cause of action, they did not produce any summary judgment evidence showing previous crimes in or near the casino in question. They argued generally that it is common knowledge that robberies and thefts frequently occur in casinos where large sums of money are often displayed, but they produced no summary judgment evidence tending to show that the particular casino involved here had a history of either specific or general criminal conduct. Although it may be common knowledge that thefts and robberies frequently occur in gambling places generally, that does not prove that the casino in question here was typical of the generalized class of gambling places.

The Mauros contend that because GNLV objected to and refused to answer interrogatories requesting that it furnish information on specific crimes that had been committed

in its casino, GNLV should not now be allowed to benefit from the lack of such evidence. The Mauros, however, never asked the trial court to compel GNLV to answer the interrogatories, never asked for sanctions against GNLV, and they did not secure the information from other available sources, even though they had some three years before the summary judgment hearing within which they could conduct discovery.

Because the Mauros failed to produce summary judgment evidence raising a fact issue on the element of duty, the trial court properly rendered summary judgment for GNLV. The judgment is affirmed.