# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20609

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2016

Lyle W. Cayce
Clerk

SHANNON JENKINS,

      Plaintiff–Appellant,

v.

C.R.E.S. MANAGEMENT, L.L.C.; JTL PROPERTIES, L.L.C.; CRES REALTY, L.L.C.,

      Defendants–Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before REAVLEY, OWEN, and HIGGINSON, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

An unknown assailant shot Shannon Jenkins in the doorway of Jenkins's apartment. Jenkins sued the premises owner, C.R.E.S. Management, L.L.C., and related entities (collectively, C.R.E.S.), alleging C.R.E.S. had a duty to protect him from unreasonable and foreseeable harm due to the criminal acts of third parties. The district court granted summary judgment in favor of C.R.E.S., concluding that the apartment complex's criminal history was

No. 14-20609

insufficient to render foreseeable the assault against Jenkins. We reverse and remand.

**I**

Jenkins worked as a courtesy officer for the Fountains of Westchase apartment complex in Houston, Texas. To compensate Jenkins, C.R.E.S. provided him with a rent-free apartment. Jenkins's duties included, among other things, responding to reports of criminal activity on the premises by calling the police or verifying such reports.

The assault occurred at approximately 3:00 a.m. Jenkins awoke to someone pounding on his apartment door. Thinking that a resident needed assistance, Jenkins opened the door. In the hallway stood two men, whom Jenkins did not recognize. The shorter of the men aimed a handgun at Jenkins, who raised his arms in self-defense. Without warning or explanation, the man shot Jenkins in the elbow. Jenkins "fell down and played like [he] was dead." Following the shooting, the assailants immediately fled the scene; they did not enter Jenkins's apartment. The police investigated the incident but never located the perpetrators.

Jenkins filed the instant premises liability suit against C.R.E.S. in Texas state court. C.R.E.S. removed the case to federal court on diversity-jurisdiction grounds. The district court referred the case to a magistrate judge.

Following discovery, C.R.E.S. moved for summary judgment on the ground that Jenkins failed to demonstrate that his assault was foreseeable in light of the apartment complex's criminal history. According to the complex's crime log, the following criminal activity occurred on the premises in the year preceding the assault: seven aggravated assaults, fourteen residential burglaries, seven motor vehicle burglaries, six thefts, four auto thefts, and one sexual assault. Jenkins also presented evidence of a robbery-shooting that occurred approximately one-and-a-half years prior to the assault. In his report

and recommendation, the magistrate judge limited the foreseeability review to crimes with "violent characteristics," thereby excluding all crimes except the aggravated assaults, the sexual assault, and the robbery-shooting, from the analysis. The magistrate judge ultimately recommended that the district court grant summary judgment in favor of C.R.E.S. because the complex's criminal history did not render foreseeable Jenkins's assault. Jenkins timely objected arguing, *inter alia*, that the magistrate judge erred in excluding the residential burglaries from the foreseeability analysis.

The district court adopted the magistrate's recommendation over Jenkins's objection:

> This Court agrees . . . that the foreseeability analysis must be limited to those crimes with violent characteristics because Jenkins's stabbing [sic] was a violent crime. . . . Property crimes, including theft and burglary, are excluded from the foreseeability analysis when analyzing the foreseeability of a personal crime, such as the shooting at issue in this case.

The district court granted summary judgment in favor of C.R.E.S. Jenkins timely appealed.

## II

Texas law governs in this diversity case.[1] To determine Texas law, we look first to the final decisions of the Supreme Court of Texas.[2]

"[W]e review 'a grant of summary judgment *de novo*, applying the same standards as the district court.'"[3] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (per curiam).

[2] *Id.* at 196.

[3] *Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 880 (5th Cir. 2014) (quoting *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 (5th Cir. 2009)).

No. 14-20609

movant is entitled to judgment as a matter of law."[4]  "[A]ll facts and inferences must be construed in the light most favorable to the non-movant."[5]

### III

In *Timberwalk Apartments, Partners, Inc. v. Cain*,[6] the Supreme Court of Texas explained that while an individual normally has no legal obligation to protect others from the criminal acts of third parties, "[o]ne who controls . . . premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee."[7]  C.R.E.S. does not dispute that it owned the Fountains of Westchase apartment complex, that Jenkins was an invitee, or that unreasonable harm befell him.  The only issue is whether the assault against Jenkins was foreseeable.  When evaluating foreseeability, Texas courts first narrow the relevant criminal history to be included in the foreseeability analysis.[8]  The courts then compare that narrowed criminal history with the crime in question based on the five *Timberwalk* factors: proximity, publicity, recency, frequency, and similarity.[9]

Jenkins, relying on *Timberwalk*, argues that the district court erred in considering only some of the complex's criminal history as part of its foreseeability analysis.  In *Timberwalk*, the plaintiff alleged that she was

---

[4] FED. R. CIV. P. 56(a).

[5] *Meadaa*, 756 F.3d at 880 (quoting *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 248 (5th Cir. 2008)).

[6] 972 S.W.2d 749 (Tex. 1998).

[7] *Id.* at 756 (alterations in original) (quoting *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997)).

[8] *See Trammell Crow Cent. Tex., Ltd. v. Gutierrez*, 267 S.W.3d 9, 13-15 (Tex. 2008).

[9] *See id.* at 15 (citing *Timberwalk*, 972 S.W.2d at 759); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 768 (Tex. 2010).

raped in her apartment because her landlord failed to provide adequate security measures.[10] The only serious crimes ever reported at the apartment complex were a car burglary and a car theft.[11] In the year preceding the assault, police received eleven calls reporting sexual assault and originating within a one-mile radius of the complex.[12] Only one of the callers formally reported a crime, which did not involve rape.[13] The court held that because the number of reported crimes committed at or near the complex were dissimilar to sexual assault and few in number, they did not render foreseeable the plaintiff's rape.[14] Jenkins is correct that in *Timberwalk,* the Supreme Court of Texas did not explicitly narrow the universe of relevant crimes prior to analyzing foreseeability.[15]

But in a more recent decision, *Trammell Crow Central Texas, Ltd. v. Gutierrez,*[16] the court did exclude irrelevant crimes prior to analyzing foreseeability.[17] In *Trammell Crow,* unknown assailants shot and killed a man in a shopping mall parking lot.[18] The plaintiffs introduced evidence of 227 reported crimes that had occurred at the mall during the preceding two years including 203 property crimes, thirteen simple assaults, one instance of unlawful weapon possession, and ten robberies.[19] The court identified the

---

[10] *Timberwalk,* 972 S.W.2d at 751.

[11] *Id.* at 752.

[12] *Id.*

[13] *Id.*

[14] *Id.* at 759.

[15] *See id.* at 756.

[16] 267 S.W.3d 9 (Tex. 2008).

[17] *See id.* at 13.

[18] *Id.* at 11.

[19] *Id.* at 13.

robberies as part of a category of violent crimes, which also included murder, manslaughter, rape, and aggravated assault.[20] Prior to analyzing this criminal history under the *Timberwalk* factors, the court categorically excluded as irrelevant the property crimes, simple assaults, and weapon possession offense:

> Although criminal conduct is difficult to compartmentalize, some lines can be drawn. For instance, we have held that reports of vandalism, theft, and neighborhood disturbances are not enough to make a stabbing death foreseeable. Similarly, although the repeated occurrences of theft, vandalism, and simple assaults at the [mall] signal that future property crimes are possible, they do not suggest the likelihood of murder. Accordingly, like the court of appeals, we limit our review to the ten instances of violent crime that took place at the [mall] during the two years prior to [the victim's] death.[21]

The court then used the *Timberwalk* factors to determine foreseeability by comparing the crime in question with the ten violent crimes.[22] Texas appellate courts routinely follow *Trammell Crow*'s framework by limiting their review of criminal history.[23] The district court did not err in limiting its review to relevant crimes.

The district court erred, however, in excluding the burglaries as irrelevant to the foreseeability analysis. The district court stated that "[p]roperty crimes, including theft and burglary, are excluded from the

---

[20] *Id.*

[21] *Id.* (footnotes omitted) (citing *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 758 (Tex. 1998); *Walker v. Harris*, 924 S.W.2d 375, 377-78 (Tex. 1996)).

[22] *See id.* at 15-17.

[23] *See Park v. Exxon Mobil Corp.*, 429 S.W.3d 142, 146 (Tex. App.—Dallas 2014, pet. denied) (limiting review to categorically similar crimes); *Perez v. DNT Global Star, L.L.C.*, 339 S.W.3d 692, 702-04 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (same); *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 919-22 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (same).

foreseeability analysis when analyzing the foreseeability of a personal crime." This statement fails to account for *Trammell Crow*'s admonition that "crimes fitting one category can relate to or result in crimes of another category: a string of violent crimes such as robberies or assaults can make other violent crimes like murder or rape foreseeable; a thief entering a dwelling to steal property may also commit personal crimes."[24]  Plainly, the *Trammell Crow* court did not call for a rigid categorical analysis; it accepted the notion that residential burglaries could suggest the likelihood of personal crime.  The *Timberwalk* court also accepted this premise:

> Property crimes may expose a dangerous condition that could facilitate personal crimes, as when apartments are targeted repeatedly by thieves.  "If a burglar may enter [an apartment], so may a rapist."  An apartment intruder initially intent upon stealing may decide to assault a tenant discovered inside, even if the tenant avoids confrontation.[25]

Numerous Texas state court decisions support this notion.[26]  Texas law is clear: residential burglaries, by their very nature, may suggest the foreseeability of violent crime.  Accordingly, we hold that while the district

---

[24] *Trammell Crow*, 267 S.W.3d at 16 (citing *Timberwalk*, 972 S.W.2d at 758).

[25] *Timberwalk*, 972 S.W.2d at 758 (alteration in original) (footnote omitted) (quoting *Aaron v. Havens*, 758 S.W.2d 446, 448 (Mo. 1988) (en banc)).

[26] *See Walker v. Harris*, 924 S.W.2d 375, 377-78 (Tex. 1996) (concluding that apartment complex owners had no reason to foresee that a stabbing would occur in the absence of a history of violent crime at the complex, noting that "[n]o one was ever burglarized"); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548, 550-51 (Tex. 1985) (concluding that a fact question existed as to the foreseeability of a rape at an apartment complex, despite the lack of a history of sexual violence at the complex, because of the complex's history of violent crime, burglaries, and vagrancy); *see also Jai Jalaram Lodging Grp., L.L.C. v. Leribeus*, 225 S.W.3d 238, 241, 245-46 (Tex. App.—El Paso 2006, pet. denied) (concluding no foreseeability existed as to an aggravated assault, armed robbery, and kidnapping in a motel parking lot because, *inter alia*, the burglaries that had occurred at the motel and nearby homes "were [not] occurring with any notable frequency" and "were [not] of the kind that would have facilitated the violent personal crimes committed"); *Fields v. Moore*, 953 S.W.2d 523, 525 (Tex. App.—Texarkana 1997, no pet.)  ("Burglary of a habitation is a dangerous crime that sometimes leads to violence if the habitation is occupied . . . .").

court did not err in refining the complex's relevant criminal history prior to analyzing foreseeability, it did err in categorically excluding the residential burglaries from its foreseeability analysis. The occurrence of fourteen residential burglaries within the twelve months preceding the incident in which Jenkins was injured, and C.R.E.S.'s knowledge of these crimes, when considered in conjunction with the other crimes that the district court denominated violent crimes relevant to its analysis, raises a fact question as to whether that incident was reasonably foreseeable.

*   *   *

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND the case for further proceedings consistent with this opinion.

8