William **WALKER** and Deborah Walker, Individually and d/b/a Heritage Manor Apartments, Petitioners,

v.

Joyce **HARRIS** and Donald Harris, Respondents.

No. 95–1165.

Supreme Court of Texas.

Argued Feb. 14, 1996.

Decided June 14, 1996.

Kenna M. Seiler, John M. Causey, Conroe, for Petitioners.

Lawrence Rothenberg, Houston, for Respondents.

ENOCH, Justice, delivered the opinion for a unanimous Court.

This wrongful death action involves the duty of care a lessor owes to persons injured on the leased property by the criminal acts of third parties. The trial court granted summary judgment for the lessors, but the court of appeals reversed. 1995 WL 477560. We hold that the lessors, Deborah and William Walker, owed no legal duty to the decedent, Ronald Harris. We reverse the judgment of the court of appeals and render judgment that Harris's parents, Joyce and Donald Harris, take nothing.

The Walkers owned and operated two of ten separate fourplex apartment units in Brookshire, Texas. In 1990, Ronald Harris attended a party at one of the apartments and was stabbed to death by Andre Steffon Lasker somewhere near one of the Walkers' fourplexes. The parties dispute whether either Ronald Harris or Andre Lasker were invited guests at the party; neither Harris nor Lasker were the Walkers' tenants. The Harrises sued the Walkers for negligence, alleging that the Walkers knew or should have known that the area where the fourplex was located was known for criminal activity. They sought over $2,000,000 in actual damages based on the Walkers' alleged (1) negligent failure to warn the public, including Harris, of this condition, and (2) negligent failure to provide adequate security, including lighting, access control devices, or security guards. The Harrises also sought an unspecified amount of exemplary damages.

The Walkers sought summary judgment, arguing that a property owner generally has no duty to prevent the criminal acts of third parties. They asserted that although property owners may owe a duty to protect individuals from the criminal acts of third parties when the owners know or have reason to know that the third parties present an unreasonable risk of harm to those individuals,

they did not owe such a duty because Harris's stabbing was not foreseeable. The Walkers also argued that Lasker's intentional acts were a superseding and proximate cause of Harris's harm. Without stating its reasons, the trial court granted the Walkers' motion for summary judgment. The court of appeals reversed and remanded, holding that a genuine issue of material fact existed regarding the adequacy of the security provided by the Walkers. 1995 WL 477560 *2.

## I

To obtain a summary judgment, a defendant must either negate at least one element of the plaintiff's theory of recovery, *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936 (Tex.1972), or plead and conclusively prove each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). After the defendant produces evidence entitling it to summary judgment, the burden shifts to the plaintiff to present evidence creating a fact issue. *"Moore" Burger,* 492 S.W.2d at 936–37. We take all evidence favorable to the nonmovant as true and indulge every reasonable inference in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex. 1985).

## II

The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). As a general rule, a person has no legal duty to protect another from the criminal acts of a third person or control the conduct of another. *Centeq,* 899 S.W.2d at 197; *Phillips,* 801 S.W.2d at 525; *Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex. 1983). Similarly, a landowner has no duty to prevent criminal acts of third parties who are not under the landowner's supervision or control. *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 21 (Tex.1993); *El Chico Corp. v. Poole,* 732 S.W.2d 306, 313 (Tex.1987). This general no-duty rule, however, is not absolute.

See, *e.g., Exxon,* 867 S.W.2d at 21 (lessor who retains control over the security and safety of the premises owes a duty to a tenant's employee to use ordinary care to protect the employee if the lessor knows or has reason to know of an unreasonable and foreseeable risk of harm from the criminal acts of third parties); *Nixon,* 690 S.W.2d at 549 (apartment management owed a duty under an ordinance to a minor raped in vacant apartment to protect against such foreseeable criminal acts).

We need not decide and express no opinion on whether this case falls within any exception to the general no-duty rule. Whatever duty a lessor may have to protect persons injured on the leased premises against the criminal acts of third parties, that duty does not arise in the absence of a foreseeable risk of harm. Accordingly, the Walkers are entitled to summary judgment if they established as a matter of law that violent criminal acts like the stabbing were not foreseeable.

Foreseeability requires only that the general danger, not the exact sequence of events that produced the harm, be foreseeable. *Lofton v. Texas Brine Corp.,* 777 S.W.2d 384, 387 (Tex.1989); *Nixon,* 690 S.W.2d at 550–51. In this case, the general danger the Walkers had to foresee was the danger of injury from violent crime on the premises. We have held that evidence of specific previous crimes on or near the premises may raise a fact issue on the foreseeability of criminal activity. *Nixon,* 690 S.W.2d at 550. The Harrises did not bring forth any summary judgment evidence raising a fact issue on foreseeability.

The summary judgment evidence relied on by both the Walkers and the Harrises, principally the deposition testimony of the Brookshire Police Chief, indicates that the neighborhood where the fourplexes are located is an area of low to moderate crime, that the residential neighborhood across the street from the apartments has "very little crime," and that the amount of crime at the fourplexes is "average" for apartments. The record further indicates that police were never called to the property for a violent crime, except for Ronald Harris's stabbing. The only other calls to the units were for matters

such as domestic or neighbor disturbances. The summary judgment evidence also indicates that there were four prior incidents of vandalism and one instance when a refrigerator was taken from a vacant apartment. No one was ever burglarized. This summary judgment evidence establishes that the Walkers had no reason to foresee the likelihood of violent criminal activity at their fourplexes.

We hold that the Walkers established that the violent criminal act of Ronald Harris's stabbing was not foreseeable as a matter of law. Accordingly, the Walkers negated the duty element of the Harrises' cause of action and were entitled to summary judgment. We reverse the judgment of the court of appeals and render judgment that the Harrises take nothing.