

# NUMBER 13-09-248-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSEPH TATE, TRUSTEE OF THE JOSEPH                    Appellant,
TATE REVOCABLE TRUST,

v.

VIRGINIA E. LIPE AKA VIRGINIA E. ALFORD,              Appellee.

### On appeal from the 197th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Benavides, and Vela**
**Memorandum Opinion by Justice Vela**

This is an appeal from an order granting summary judgment in favor of Virginia E.

Lipe a/k/a Virginia E. Alford ("Alford") and against Joseph Tate, trustee of the Joseph Tate

revocable trust ("Tate"). By three issues, Tate contends fact issues exist which preclude

the granting of summary judgment.  We affirm.

## I. BACKGROUND

Alford acquired property described as Texas lot 843 Phase IV-B, Outdoor Resorts/ South Padre Subdivision (now Long Island Village), by warranty deed, in December 2000. Tate owns lot 844 in the same subdivision.  Alford's lot adjoins Tate's lot on the east side. Alford constructed a brick walkway to her property, which she admits encroaches on to Tate's property.  Tate sued Alford pursuant to section 22.001 of the Texas Property Code to determine who owned  a 200 square foot area of Tate's lot. *See* TEX. PROP. CODE ANN. §22.001 (Vernon 2000).  Alford counterclaimed, requesting a judgment declaring that the existing encroachment "be subject to an easement in her favor under the terms of the declaration of covenants, conditions and restrictions for Outdoor Resorts/South Padre, a condominium recorded in Volume 14, Page 674 in the Condominium Records of Cameron County, Texas."

Alford moved for a traditional motion for summary judgment on her counterclaim. She claimed that the declaration of covenants, conditions, and restrictions for Outdoor Resorts/South Padre, and the language set forth in section 82.064 of the Texas Property Code allowed her an easement for the encroachment.  *See* TEX. PROP. CODE ANN. § 82.064 (Vernon 2007).

Tate responded, urging that the 1999 Building Codes Handbook, which was in effect when Alford made the improvements, provided that if she chose to proceed with construction without conducting a survey, it was with the understanding that she was solely responsible for the cost of removing or modifying any construction which may later "be determined to be built on common property, property belonging to another lot owner, or in

2

an easement-set back area." He also argued that Alford's husband had obtained a building permit for construction that made him liable for the encroachment. The trial court found that there were no material fact issues, declared that an easement existed for the encroachment, and awarded Alford $3,600.00 in attorney's fees.

## II. STANDARD OF REVIEW

We review a trial court's granting of a traditional motion for summary judgment under a de novo standard of review. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n. 7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates,* 147 S.W.3d 264, 290 n. 137 (Tex. 2004)); *Alaniz v. Hoyt,* 105 S.W.3d 330, 345 (Tex. App.–Corpus Christi 2003, no pet.). To obtain relief via a traditional motion for summary judgment, the movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Garza v. Exel Logistics, Inc.,* 161 S.W.3d 473, 475 n. 10 (Tex. 2005) ("[A] defendant moving for summary judgment on an affirmative defense must prove each element of its defense as a matter of law, leaving no issues of material fact."); *Mowbray v. Avery,* 76 S.W.3d 663, 690 (Tex. App.–Corpus Christi 2002, pet. denied). After the movant produces evidence sufficient to show it is entitled to summary judgment, the non-movant must then present evidence raising a fact issue. *See Walker v. Harris,* 924 S.W.2d 375, 377 (Tex. 1996).

In deciding whether there is a disputed fact issue that precludes summary judgment, evidence favorable to the non-movant will be taken as true. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985)). Evidence favorable to the movant, however, will not be considered

unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex. 1965). Moreover, every reasonable inference will be indulged in favor of the non-movant and any doubts resolved in its favor. *Grinnell,* 951 S.W.2d at 425 (citing *Nixon,* 690 S.W.2d at 549).

### III. ANALYSIS

By three issues, which we address together, Tate urges that the declarations and the later amendments to the building rules and regulations are not in conflict, that there was a genuine issue of material fact under section 82.064 of the property code as to whether the encroachment was the result of willful misconduct, and that the trial court did not follow the rules of contract construction to justify the easement based on the encroachment. *See* TEX. PROP. CODE ANN. § 82.064 (Vernon 2007).

The declarations, covenants, and restrictions were filed of record on March 3, 1982. Although the accompanying by-laws have been amended, the record does not reflect that the declarations have been amended. Restrictions in dedicatory instruments are treated as contracts between the parties. *See Herbert v. Polly Ranch Homeowners Ass'n.,* 943 S.W.2d 906, 907-08 (Tex. App.–Houston [1st Dist.] 1996, no writ). A written contract that can be given a definite or certain legal meaning is not ambiguous. *Nat'l Union Fire Ins. Co. v. CBI Indus.,* 907 S.W.2d 517, 520 (Tex. 1995); *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983). If a written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker,* 650 S.W.2d at 393. We may determine the parties' rights and obligations under an unambiguous contract as a matter of law. *ACS Investors,*

4

*Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex. 1997).

Alford's motion for summary judgment urges that she is entitled to an easement for the encroachment under both the declaration of covenants, conditions, and restrictions as well as under section 82.064 of the property code. *See* TEX. PROP. CODE ANN. § 82.064. The declaration of covenants, conditions, and restrictions provides, in part, as follows:

> The owners of the respective condominium units agree that if any portion of a condominium unit or common element or limited common element encroaches upon another, a valid easement for the encroachment and maintenance of same, so long as it stands, shall and does exist.

Section 82.064 of the property code states:

> To the extent that a unit or common element encroaches on another unit or common element, a valid easement for the encroachment exists. The easement does not relieve a unit owner of liability in case of the owner's willful misconduct nor relieve a declarant or any other person of liability for failure to adhere to the plats and plans.

*Id.*

Tate argues that the building code rules and regulations, amended in 1999, and language set forth in a building permit that Alford's husband obtained to do some reconstruction on the property prohibited Alford from building anything that encroaches on common property or property belonging to another lot owner, and that these "trump" the earlier-enacted declaration of covenants, conditions, and restrictions where the owners agreed to a valid easement for an encroachment. Tate's summary judgment evidence contained a building permit showing that Alford's husband had obtained permission to do work on the property in question. The permit states that it was for "reconstruction", and was dated October 25, 2001. It did not reflect that it was for the construction of the brick walkway made the basis of this suit. The building code rules and regulations state:

5

UNDER NO CIRCUMSTANCES DOES THE ISSUANCE OF A BUILDING PERMIT GRANT A LOT OWNER PERMISSION TO:

1. Build anything which encroaches on common property belonging to another lot owner.

## A. Section 82.064

Alford urges that section 82.064 of the property code allows her to have a valid easement. Section 82.064, however, is part of the Uniform Condominium Act that applies to all "commercial, industrial, residential and other types of condominiums in this state for which the declaration is recorded on or after January 1, 1994." TEX. PROP. CODE ANN. § 82.002(a). The Uniform Condominium Act also may govern condominiums for which the declaration was recorded before January 1, 1994, if the owners of units vote to amend the declaration to have the chapter apply and the amendment is filed for record in the condominium records in each county in which the condominium is located; or a declaration was recorded before January 1, 1994 and the declaration or amendment states that the chapter will apply in its entirety on January 1, 1994. *Id.*

The declaration of covenants, conditions, and restrictions and accompanying by-laws, dated March 3, 1982, is attached to Alford's summary judgment motion as evidence. Because the declaration was recorded prior to January 1, 1994, we find that section 82.064 is inapplicable unless the record reflects that the owners voted to amend the declaration to have the chapter apply or the declaration was recorded before January 1, 1994 and the declaration or amendment states that the chapter will apply in its entirety on January 1, 1994. There is nothing in the record which reflects that the owners voted to amend the declaration to have the chapter apply. Based on the record before us, then, section 82.064 may not be utilized to support Alford's motion for summary judgment.

## B. The Declaration of Covenants, Conditions, and Restrictions

The declaration of covenants, conditions and restrictions, however, does support Alford's argument that a valid easement exists (stating that "if any portion of a condominium unit or common element or limited common element encroaches upon another, a valid easement for the encroachment and maintenance of same, so long as it stands shall and does exist."). The declaration also provides that "if any irreconcilable conflict should exist, or hereafter arise, with respect to the interpretation of these By-laws and the Declaration, the provisions of the Declaration shall prevail."

We find that the declarations are unambiguous and support Alford's argument with respect to the easement under the specific circumstances presented here. The declaration also states that its provisions prevail over the by-laws when in conflict. The declaration states that the condominium owners agree that if any portion of a condominium unit or common element or limited common element encroaches upon another, a valid easement for the encroachment and maintenance of the same exists. There is nothing before this Court to reflect that the condominium owners attempted to abolish the provision allowing easements for an encroachment. The record here does not reflect that the declaration of covenants, conditions, and restrictions have ever been changed. The trial court did not err in granting summary judgment. We overrule each of Tate's issues and affirm the trial court's judgment.

## IV. Conclusion

The judgment of the trial court is affirmed.


ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 29th day of October, 2009.