**DENY and Opinion Filed January 18, 2022**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00794-CV

## IN RE XTC CABARET (DALLAS), INC., Relator

**Original Proceeding from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-13178**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Garcia

Relator's September 13, 2021 petition for writ of mandamus asks us to set aside the trial court's August 20, 2021 order partially granting real party in interest's motion to compel discovery. Entitlement to mandamus relief requires relator to show that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the petition, real party in interest's response, relator's reply, and the record before us, we conclude that relator has failed to show entitlement to the relief requested. Accordingly, we vacate the September 17, 2021 partial stay of the trial court's August 20, 2021 order and deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

The dissenting opinion maintains that the discovery of gross income is irrelevant to exemplary damages. We do not disagree. Our conclusion is premised on the fact that the information is nonetheless relevant to determine whether the risk of a foreseeable crime outweighs the burden placed on relator and society at large to prevent the risk. *See UDR Tex. Props., L.P. v. Petrie*, 517 S.W.3d 98, 102 (Tex. 2017).

It is a well-settled general rule that property owners have no legal duty to protect persons from criminal acts of a third person. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). However, a property owner who "controls the premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." *UDR*, 517 S.W.3d at 100. The Texas Supreme Court has "consistently said that a risk must be foreseeable and unreasonable to impose a duty on a property owner." *Id.*; *see also Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998) ("The foreseeability of an unreasonable risk of criminal conduct is a prerequisite to imposing a duty . . . .").

"Unreasonableness turns on the risk and likelihood of injury to the plaintiff . . . as well as the magnitude and consequences of placing a duty on the defendant." *UDR*, 517 S.W.3d at 102 (internal quotation marks omitted). Under this test, a court "considers, indeed balances, the burden on the defendant of preventing the harm

2

against the severity and likelihood of the injury the plaintiff faces." *Id*. at 107 (Willett, J., concurring).

A trial court's conclusion that the foregoing necessarily involves a financial evaluation does not constitute an abuse of discretion. Such an evaluation might measure, for example, relator's profits balanced against the cost of employing off duty police officers to secure the premises. Relator's gross revenues and profits go to the reasonableness of placing the burden on relator rather than the taxpayers at large. Accordingly, we deny the requested relief.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Schenck, J., concurring and dissenting

210794F.P05