**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00284-CV**
_____

**ESTATE OF MICHAEL JOHN PHILLIPS**

**On Appeal from the County Court**
**Tyler County, Texas**
**Trial Cause No. PR-09605**

**MEMORANDUM OPINION**

This is a permissive appeal of a Traditional Motion for Summary Judgment awarding a 401(k) plan and profit-sharing plan to Appellee James Patrick Phillips. *See* Tex. R. App. P. 28.3; Tex. R. Civ. P. 168. Decedent Michael John Phillips was married to Decedent Laurie Leigh Phillips.[1] Appellant Richard Scott Stanley is Laurie's brother, and Appellee James is Michael's brother. At the time of her death, Laurie participated in Norton Rose Fulbright's ("NRF") 401(k) plan and profit-sharing plans (collectively, "the Plans"). Laurie designated Michael as the primary beneficiary of the Plans and Stanley as a contingent beneficiary. James was

---

[1]For clarity, we will refer to the Phillipses by their first names.

1

Michael's sole heir. The record shows that Michael survived Laurie by "a few days" but not 120 hours. James filed his Second Amended Traditional Motion for Summary Judgment arguing the Plans should be awarded to Michael's estate because, among other things, (1) Stanley is judicially estopped from arguing that Michael did not survive Laurie by a number of days, and (2) the Plans' documents control, which required that Michael survive or "exist" at the time of Laurie's death, and the 120-hour rule contained in the Texas Simultaneous Death Act does not apply. Stanley countered that the 120-hour survival rule applies, and since Michael failed to survive Laurie by the required period, the Plans should be awarded to the contingent beneficiaries. The trial court granted James's Second Amended Motion for Traditional Summary Judgment and granted Stanley's motion for a permissive interlocutory appeal of the summary judgment on the basis that (1) the order involves controlling questions of law as to which there are substantial grounds for differences of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); Tex. R. Civ. P. 168.

Texas Civil Practice and Remedies Code section 51.014 designates civil orders that may be appealed on an interlocutory basis, which is strictly construed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Section 51.014(d) allows the interlocutory appeal of an otherwise unappealable order upon the trial court's

2

certification that the order involves a controlling question of law on which there is substantial grounds for disagreement and an immediate appeal may materially advance the ultimate resolution of the case. *See id*. § 51.014(d); *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 146–47 (Tex. 2022). We have the discretion to accept or refuse to hear a permissive appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(f); *Indus. Specialists, LLC v. Blanchard Ref. Co.,* 652 S.W.3d 11, 15 (Tex. 2022) (quoting *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019)); *Elephant Ins. Co.*, 644 S.W.3d at 146–47. In the trial court's Order authorizing the permissive appeal, it characterized the following as controlling questions of law for which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation:

> 1. Whether Richard Scott Stanley is judicially estopped from denying that Michael Phillips survived his wife, Laurie Phillips, when he made, adopted and/or swore to such statements in the applications, attachments and affidavits filed by him and/or his attorney in Case No. PR-09502; the Estate of Laurie Leigh Phillips, Deceased, pending in Tyler County, Texas?
> 2. Whether the Plan Administrator's decision was correct when it decided that the proceeds from the 401K Plan Account and the Profit-Sharing Plan Account should be paid to the Estate of Michael Phillips, because (i) Michael Phillips survived his wife, Laurie Phillips, (ii) Laurie Phillips named Michael Phillips as the sole designated beneficiary of her 401K Account and the Profit Sharing Account, (iii) Michael Phillips was entitled to all of the benefits under the ERISA Plans upon Laurie Phillip's death, and as a result of her death, those funds are now payable to the Estate of Michael Phillips, and (iv) the

3

Texas survivor statutes have no application to the determination of beneficiaries under the Plan Administrator's ERISA governed plan.

We entered an order accepting the permissive appeal, and we have jurisdiction over this matter under Texas Civil Practice and Remedies Code sections 51.014(d) and (f). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f). Based on our answers to the foregoing questions, as discussed below, we affirm the trial court's Order granting James's Second Amended Motion for Traditional Summary Judgment.

## BACKGROUND OF UNDERLYING DISPUTE

Following the death of his brother, Michael, James filed an Application to Determine Heirship and Appointment of Independent Administrator. In that Application, James alleged that Michael died intestate and had been married to Laurie who predeceased him. Stanley filed an Application to Determine Heirship in a separate proceeding pertaining to Laurie's estate. In his Application, Stanley alleged that Laurie was married to Michael but predeceased him and that she died intestate. Stanley also filed an Application for Dependent Administration and Letters of Administration Pursuant to section 301.052 of the Texas Estates Code, in which he alleged that Michael died within days "after" Laurie and was not an heir under section 121.052. Stanley supported the Application for Dependent Administration of Laurie's estate with his affidavit averring that it was true, correct, and accurate and based on his knowledge and personal belief. Two witnesses provided affidavits in Laurie's estate proceeding averring that she was married to Michael and that

4

Michael "died within days after" Laurie. In the proceedings, both James and Stanley described real and personal property owned by Michael and Laurie but did not list the Plans.

In Michael's estate proceeding, James filed a Petition for Declaratory Judgment alleging that at the time of Laurie's death, she participated in NRF's Employee Retirement Income Security Act ("ERISA") 401(k) and profit-sharing plans, which NRF also managed. *See generally* 29 U.S.C. §§ 1001–1461. James further pleaded that Laurie designated Michael the primary beneficiary of the Plans, and Michael survived Laurie, thus Michael is the beneficiary of the Plans. To show that Michael's estate was entitled to the proceeds of the Plans as the beneficiary, James cited the allegations made and affidavits filed by Stanley in Laurie's estate proceeding that claimed Michael died after Laurie. James added that NRF, as manager of the Plans, determined that Michael was entitled all the benefits under the Plans. Specifically, James cited the following statement from NRF:

> . . . Laurie's husband, Michael J. Phillips, survived her for some number of days after her death. Consequently, as her sole primary beneficiary under the Firm's Profit Sharing Plan and 401(k) Plan, Mr. Phillips was entitled to all her benefits under the plans upon her death, and as a result of his death, those benefits are now payable solely to his estate. As we have explained to all the parties before, the Texas survivor statutes have no application to the determination of beneficiaries under the Firm's ERISA governed plans.

In his Petition for Declaratory Judgment, James alleged that NRF acknowledged the Plans were governed by ERISA, and ERISA preempts state law. James further

5

pleaded that the delivery of the Plans to Michael's estate is governed by the contract, and the contract did not require any survival period, rather it only required that Michael survive Laurie or "otherwise was existing at the time of her death." Finally, James pleaded that the evidence is undisputed that Michael survived Laurie, and Stanley is judicially estopped from repudiating that Michael survived Laurie. James asked the trial court to make these declarations: (1) that Michael survived Laurie or was otherwise existing at the time of her death; and (2) that Michael was, and now his estate is, the rightful owner of the proceeds in the Plans.

James moved to have a statutory probate judge preside over the contested portion of the proceedings, specifically the "Petition for Declaratory Judgment to Declare Beneficiary of the ERISA Plans," which the trial court granted.

MOTION FOR SUMMARY JUDGMENT

James filed his Second Amended Traditional Motion for Summary Judgment arguing he was entitled to the receipt of all benefits under the Plans, because: (1) Laurie named Michael as the designated beneficiary of the Plans; (2) there is no required survival period by the Plans, which only requires that Michael survive Laurie; and (3) it is undisputed that Michael survived Laurie. In support of this, James contends that Stanley, a contingent beneficiary of the Plans, swore in his filings in Laurie's estate proceedings that Michael survived Laurie by "a number of days" and "is judicially estopped from now claiming that Michael did not survive

6

Laurie." James also argued that NRF determined the benefits should be paid to Michael's estate as the designated beneficiary since he survived Laurie and there was no required survival period. James again pointed to the NRF's determination that the Texas survival statutes had no application in determining beneficiaries under the Plans. James specifically argued that the Texas Simultaneous Death Act does not apply, rather Texas Estates Code section 121.001 governs. Section 121.001 provides, "This chapter does not apply if provision has been made by will, living trust, deed, or insurance contract, or in any other manner, for a disposition of property that is different from the disposition of the property that would be made if the provisions of this chapter applied." Tex. Est. Code Ann. § 121.001.

James included the following evidence in support of his Second Amended Traditional Motion for Summary Judgment: NRF's business records including 401(k) and profit-sharing plan documents executed by Laurie Phillips; Stanley's Application to Determine Heirship in Laurie's estate proceeding, Cause No. PR-09502, stating that Michael died after Laurie; Stanley's Application for Dependent Administration also stating that Michael died shortly after Laurie; Stanley's Affidavit claiming that facts within the Application for Dependent Administration are true and correct; "Distributee's Consent to Application for Dependent Administration" filed by two of Laurie's heirs agreeing to the Application; affidavits of witnesses Derryl Milburn and James Hodges filed in Laurie's estate proceeding

7

and averring that Michael died within a few days after Laurie; "Proof of Death and Other Facts" filed by Stanley in PR-09502 claiming that Michael died after Laurie and that Laurie died without a will; a copy of *McCurtis v. Life Ins. Co. of North America* opinion; "Order Granting Dependent Administration" in PR-09502 to Stanley on behalf of Laurie; and "Judgment Declaring Heirship" in PR-09502 determining that Stanley was Laurie's heir.

Stanley filed his "Response in Opposition to Second Amended Motion for Traditional Summary Judgment." In his Response, Stanley contended that judicial estoppel does not preclude his claims. Stanley further asserted that ERISA does not preempt the application of Texas Estates Code section 121.052. He also argues that Texas Estates Code section 121.102 applies, Michael was not an heir under the Estates Code because he did not survive Laurie by 120 hours, and Texas Estates Code section 121.001 does not apply.

The trial court granted James's Second Amended Traditional Motion for Summary Judgment. The trial court's Order also permitted Stanley to appeal and identified the two questions posed above.

PERMISSIVE APPEAL SCOPE OF REVIEW

The Supreme Court of Texas recently clarified the scope of review for permissive appeals. *See Elephant Ins. Co.*, 644 S.W.3d at 147. When an appellate court accepts a permissive interlocutory appeal, it should "'address the merits of the

legal issues certified.'" *Id.* (quoting *Sabre Travel Int'l*, 567 S.W.3d at 733). We resolve permissive appeals by applying the same principles of other appeals, "including addressing all fairly included subsidiary issues and ancillary issues pertinent to resolving the controlling legal issue." *Id.* (citing Tex. R. App. P. 38.1, 53.2). While a controlling legal issue must be involved to secure a permissive appeal, it is the order that is on appeal, and the Rules of Appellate Procedure prevent strict construction of issues presented on appeal. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); Tex. R. App. P. 38.1(f), 53.2. Even so, parties may not add to the trial court's description of the controlling legal question. *City of Houston v. Hous. Prof'l Fire Fighters' Ass'n, Loc. 341*, 626 S.W.3d 1, 22 (Tex. App.—Houston [14th Dist.] 2021), *aff'd*, 664 S.W.3d 790 (Tex. 2023).

ANALYSIS

## A. Determination of the Plans' Administrator Regarding Payment of Benefits

We begin with the trial court's second question in this permissive appeal, which is whether the determination of the Plans' Administrator that the benefits should be paid to Michael's estate was correct, because: (i) Michael survived his wife, Laurie; (ii) Laurie named Michael as the sole designated beneficiary of her 401(k) account and profit-sharing account; (iii) Michael was entitled to all the benefits under the ERISA Plans upon Laurie's death, and because of her death, those funds are now payable to the estate of Michael; and (iv) the Texas survivor statutes

9

have no application to the determination of beneficiaries under the Plan Administrator's ERISA governed plan. In the trial court, James sought a declaration that the Plans' benefits were payable to Michael's estate since Michael was the primary beneficiary under the Plans and was alive when Laurie died.

NRF, as an ERISA plan administrator, is duty bound to act in accordance with the documents and instruments governing the plan if they are consistent with ERISA. *See Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 300 (2009) (citations omitted); *see also* 29 U.S.C. § 1104(a)(1)(D) (imposing a fiduciary duty on plan administrators to act in accordance with plan documents). The purpose of ERISA is to minimize administrative and financial burdens on plan administrators, who should be able to look at the plan documents and determine distribution instructions without going to court. *See Kennedy*, 555 U.S. at 301–02. Here, NRF looked at the plan documents and beneficiary designations and determined that (1) Michael should have received the benefits, and (2) the Texas survival statutes did not apply.

At issue is Chapter 121 of the Texas Estates Code, and specifically, sections 121.001 and 121.102. *See* Tex. Est. Code Ann. §§ 121.001, 121.102. Chapter 121 entitled "Survival Requirements" generally mandates a 120-hour survival period for intestate succession and contingent beneficiaries, among other things. *See id.* § 121.052 (intestate succession), 121.102 (contingent beneficiaries). James contends

10

that section 121.001 precludes Chapter 121's applicability, but Stanley argues the 120-hour survival period applies to certain portions of these proceedings including community property, intestate succession, and distributing property to beneficiaries. *See id.* §§ 121.001, 121.052, 121.053, 121.102, 121.152. Stanley contends that section 121.102(a) applies to NRF's payment of benefits under the Plans. *See id.* § 121.102(a). Since sections 121.001 and 121.102(a) potentially implicate the benefit payments to beneficiaries under the Plans, that is where we focus our inquiry. *See id.* §§ 121.001, 121.102(a).

Section 121.001 provides, "This chapter does not apply if provision has been made by will, living trust, deed, or insurance contract, *or in any other manner*, for a disposition of property that is different from the disposition of the property that would be made if the provisions of this chapter applied." *Id.* § 121.001. (emphasis added). Whereas Section 121.102(a) instructs, "If property is disposed of in a manner that conditions the right of a beneficiary to succeed to an interest in the property on the beneficiary surviving another person, the beneficiary is considered not to have survived the other person unless the beneficiary survives the person by 120 hours[.]" *Id.* § 121.102(a). The Plans' documents specifically addressed survival but did not require that a beneficiary survive a participant by 120 hours. Instead, they required only that the primary beneficiary be living at the time of the participant's death, specifically, the primary beneficiary would be paid "unless" they "otherwise

11

cease[d] to exist before" the participant's death. Since the Plans' documents qualify as a "provision . . . made" in "any other manner" and included "a disposition of property that is different from the disposition of the property that would be made if the provisions of this chapter applied[,]" section 121.001 precludes the applicability of section 121.102(a) or Chapter 121's other provisions to the Plans. *See id.* §§ 121.001, 121.102(a).

Elsewhere instructive, the Texas Estates Code provides more guidance for ERISA plans and defines "employees' trust" as including, among other things, "an employer-sponsored benefit plan or program[]" under ERISA. *Id.* § 111.051(1-a)(C). Section 111.052 provides,

(a) This code does not invalidate:
 (1) any provision in an insurance policy, employment contract, bond, mortgage, promissory note, deposit agreement, employees' trust, retirement account, deferred compensation arrangement, custodial agreement, pension plan, trust agreement, conveyance of property, security, account with a financial institution, mutual fund account, or any other written instrument effective as a contract, gift, conveyance, or trust, stating that:
 (A) money or other benefits under the instrument due to or controlled or owned by a decedent shall be paid after the decedent's death, or property that is the subject of the instrument shall pass, to a person designated by the decedent in the instrument[.]

*Id.* § 111.052(a)(1)(A). The Estates Code explains that "a provision described by Subsection (a)(1)(A) is considered nontestamentary." *Id.* § 111.052(b).

The parties do not dispute that these were ERISA plans and that they meet the Estates Code's definition of an "employees' trust." *See id.* § 111.051(1)(C). As

12

discussed above, the Plans' documents established that the primary beneficiary must survive the participant to receive the Plans' benefits. The documents also clarified that only if Michael, as the primary beneficiary, "otherwise ceases to exist before" Laurie's death would the benefits be payable to Laurie's designated contingent beneficiaries. The Plans' documents provide that upon Laurie's death, assuming Michael existed, the Plans' benefits would be paid to him based on her designation. The Estates Code instructs that such a provision is not invalidated by the Code and is "nontestamentary." *See id.* § 111.052(a)(1)(A), (b). If we accept Stanley's argument that the survival statutes applied in this situation, it would allow the Estates Code to invalidate a provision that Laurie's benefits under the Plans be paid after her death to a person she designated in the Plans' documents, which directly contravenes the statute. *See id.* § 111.052(a)(1)(A).

Under the Plans' documents, which provided for the disposition of benefits in a manner different from the 120-hour survival period and consistent with NRF's determination, the trial court properly concluded that Michael survived Laurie, as he had not "otherwise cease[d] to exist" before her death and was the sole primary beneficiary named in the NRF 401(k) and profit-sharing plans. *See id.* § 121.001; *see also* 29 U.S.C. § 1104(a)(1)(D); *Kennedy*, 555 U.S. at 300 (citations omitted). Therefore, benefits payable under the Plans to Michael as the primary beneficiary upon Laurie's death became payable to his estate. NRF as the Plans' Administrator

13

properly concluded the Texas Estates Code Chapter 121's survival statutes did not apply to the Plans. *See* Tex. Est. Code Ann. § 121.001; *see also* 29 U.S.C. § 1104(a)(1)(D); *Kennedy*, 555 U.S. at 300 (citations omitted). We hold that NRF properly concluded the Plans' benefits were payable to Michael's estate. *See* Tex. Est. Code Ann. §§ 111.052(a)(1)(A), 121.001; *see also* 29 U.S.C. § 1104(a)(1)(D); *Kennedy*, 555 U.S. at 300 (citations omitted).

Stanley attempts to characterize this as an issue of ERISA preemption. In doing so, he tries to impermissibly broaden the scope of this permissive appeal, as "parties may not add to the trial court's description of the controlling legal question." *City of Houston*, 626 S.W.3d at 23 (citations omitted). We do not address the issue of ERISA preemption, other than to conclude such an analysis is unnecessary since the Texas Estates Code expressly allows for the disposition of property in a manner different than that provided for in Chapter 121 by the survival statutes, which the Plans' documents did. *See* Tex. Est. Code Ann. § 121.001. Further, such provisions for payment upon a participant's death to their designated beneficiary are not invalidated by the Texas Estates Code. *See id.* § 111.052(a)(1)(A).

## B. Judicial Estoppel

We now turn to the first question in this permissive appeal–the matter of judicial estoppel. Specifically, we are asked to determine whether Stanley "is judicially estopped from denying that Michael survived his wife, Laurie, when he

14

made, adopted and/or swore to such statements in the applications, attachments and affidavits filed by him and/or his attorney in Case No. PR-09502; the Estate of Laurie Leigh Phillips, Deceased, pending in Tyler County, Texas." Fairly encompassed in this analysis are two subsidiary issues. First, we must determine whether Stanley is judicially estopped from claiming that Laurie died after Michael. If so, we then determine whether Stanley is estopped from claiming that Michael failed to survive Laurie by 120 hours.

The doctrine of judicial estoppel prevents a party from adopting an inconsistent position from one successfully maintained in an earlier proceeding. *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2009) (citation omitted). "The doctrine is not strictly speaking estoppel, but rather is a rule of procedure based on justice and sound public policy." *Id.* (citing *Long v. Knox*, 291 S.W.2d 292, 295 (1956)). The elements of judicial estoppel are: (1) a sworn, prior inconsistent statement made in a judicial proceeding; (2) the party sought to be estopped successfully maintained the prior position; (3) the prior inconsistent statement was not made inadvertently or because of mistake, fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. *In re Marriage of Butts*, 444 S.W.3d 147, 151 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citations omitted); *Spera v. Fleming, Hovenkamp & Grayson, P.C.*, 25 S.W.3d 863, 871 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also Johnson v. Haugen*, No. 09-06-

15

258-CV, 2006 WL 3743012, at *1 (Tex. App.—Beaumont Dec. 21, 2006, no pet.) (mem. op.).

In the prior proceeding, one of the issues was determining Laurie's heirs. An "heir" is "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate" and "includes the decedent's surviving spouse." Tex. Est. Code Ann. § 22.015. Stanley stated that Michael died after Laurie. The summary-judgment evidence shows that Stanley made the following statements in the prior proceeding: (1) Michael "only survived [Laurie] a few days and pursuant to Estate Code § 121.052 is not an heir[;]" and (2) Michael's "death occurred within a few days after Laurie and pursuant to Estate Code § 121.025 is not an heir." Stanley swore to the truth of at least one of these statements. The summary-judgment evidence also included affidavits of two witnesses that Stanley submitted in the prior proceeding that likewise averred Michael died "within days after the death of [Laurie]." Stanley took these positions in his Application to Determine Heirship and Application for Dependent Administration. These statements contradict Stanley claiming Michael was not alive at the time of Laurie's death. He maintained that position successfully, as the probate court signed a Judgment Declaring Heirship, which did not name Michael as an heir. *See Moore v. Neff*, 629 S.W.2d 827, 829 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (applying judicial estoppel where party successfully maintained a contrary position

16

in a prior divorce proceeding which prohibited claims of heirship in current proceeding). Stanley argues on appeal that there is no evidence of the order of death, and the order of death does not matter for purposes of the 120-hour rule's applicability. We disagree. For the Plans and the documents that control them, the order of death was critical to determining who was entitled to the benefits for the reasons explained above. In the prior proceeding, Stanley provided a sworn statement and presented affidavits from witnesses indicating that Michael was alive when Laurie died, as shown by James's summary-judgment evidence. Therefore, we conclude Stanley is judicially estopped from asserting that Laurie died after Michael—that Michael was not alive when Laurie died. *See Schubert*, 264 S.W.3d at 6; *In re Marriage of Butts*, 444 S.W.3d at 151; *Johnson*, 2006 WL 3743012, at *1; *Spera*, 25 S.W.3d at 871.

Stanley argued in the trial court and on appeal that nothing in the record supports that the trial court accepted or relied on the order of death in the prior proceeding and cites to our decision in *Compass Bank v. Collier*. *See* No. 09-19-00112-CV, 2020 WL 6494213, at *15 (Tex. App.—Beaumont Nov. 19, 2019, no pet.) (mem. op.). In that case, a party failed to list claims against the bank in a schedule of assets in a prior bankruptcy, and the party claimed it was inadvertent as he did not know at the time he had a cause of action against the bank. *See id.* at *15–16. Although bankruptcy was dismissed, the record also contained conflicting

17

information about the reason for the dismissal, so we could not say the bank established acceptance of the position by the prior court. *See id*. Such is not the case here for two reasons. First, nothing shows Stanley made these statements inadvertently or under duress. Second, Stanley had two positions he could take to avoid Michael being named as an heir in the prior proceeding since he was Laurie's spouse: (1) Michael died before Laurie; or (2) Michael died after Laurie but did not live 120 hours after her death. *See* Tex. Est. Code Ann. § 22.015 (including a spouse as an heir). Stanley chose the latter, which the trial court accepted. As the sole position presented to the earlier court, it is unlike the situation in *Compass Bank v. Collier* where different reasons were offered in the trial court, so acceptance of the position could not be ascertained. *See Compass Bank*, 2020 WL 6494213, at *15– 16.

As to the next question implicated by this analysis, however, we conclude that Stanley is not judicially estopped from claiming that Michael failed to survive Laurie by 120 hours, which is not contrary to his position in Laurie's estate proceeding. *See Schubert*, 264 S.W.3d at 6. Rather, he maintained that Michael failed to survive Laurie by the requisite 120 hours, thus Chapter 121's survival statutes applied to preclude Michael being an heir. *See* Tex. Est. Code Ann. § 121.052. Since Stanley's position that Michael failed to survive Laurie by 120 hours is not contrary to his claims in the prior proceeding, the elements of judicial estoppel are not satisfied. *See*

*Schubert*, 264 S.W.3d at 6; *Horizon Offshore Contractors, Inc. v. Aon Risk Servs. of Tex., Inc.*, 283 S.W.3d 53, 70 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (determining that where prior sworn statement is not inconsistent with current position, it is not a proper basis for judicial estoppel). We have already explained above why Chapter 121 does not apply to the Plans, yet to the extent there is a dispute in these proceedings regarding Michael and Laurie's remaining property, Stanley is not judicially estopped from asserting that Michael failed to survive Laurie by 120 hours since it is not inconsistent with his prior position. *See Schubert*, 264 S.W.3d at 6; *Horizon Offshore*, 283 S.W.3d at 70.

We conclude Stanley is judicially estopped from contending that Michael was not alive at the time of Laurie's death for purposes of the Plans, which provided for the disposition of property in a manner different from the survival statutes. *See* Tex. Est. Code Ann. § 121.001; *see also Schubert*, 264 S.W.3d at 6. For other property implicated in these proceedings where the survival statutes may apply, Stanley is not precluded from arguing that Michael did not survive Laurie by 120 hours. *See Schubert*, 264 S.W.3d at 6; *Horizon Offshore*, 283 S.W.3d at 70.

C. Application to These Circumstances: Was Summary Judgment Proper?

As the Supreme Court of Texas recently instructed regarding permissive appeals, we now apply the answers to these questions to the circumstances before us. *See Elephant Ins. Co.*, 644 S.W.3d at 147 (explaining that courts should not only

19

address the controlling legal questions in the abstract but also whether such applies to or is fairly implicated by the facts and circumstances presented). We review a trial court's decision to grant summary judgment de novo. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015) (citation omitted). We view the evidence in the light most favorable to the nonmovant. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). In doing so, we indulge every reasonable inference and resolve any doubts against the motion. *See City of Keller*, 168 S.W.3d at 824. "Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions as to that evidence." *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (citation omitted). A party moving for traditional summary judgment has the burden of establishing there is no genuine issue of material fact as to the matters expressly set forth in the motion and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the moving party produces evidence entitling it to a summary judgment, the burden shifts to the nonmovant to present evidence that raises a material fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *see also* Tex. R. Civ. P. 166a(c). When the trial court fails to specify the grounds on which it granted summary judgment, we must affirm if any of the summary judgment grounds are

meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000) (citation omitted).

In this case, as the movant for traditional summary judgment, James had to produce evidence that (1) Michael was a designated beneficiary under the Plans, and (2) Michael was alive at the time of Laurie's death per the Plans' documents. *See* Tex. R. Civ. P. 166a(c); *Fielding*, 289 S.W.3d at 848. First, James provided evidence that Michael was a designated beneficiary in the form of NRF's business records and documents from the Plans showing that benefits were payable to Michael if he was alive—did not "otherwise cease[] to exist" at the time of Laurie's death. Second, James provided summary-judgment evidence that Michael survived Laurie in the form of two witnesses' affidavits that Stanley presented in a prior proceeding. Specifically, witnesses Milburn and Hodges averred that Laurie was married to Michael at the time of her death, and that "[h]e died within days after the death of [Laurie]."

Since James produced evidence entitling him to summary judgment, the burden shifted to Stanley as the nonmovant to present evidence that raised a material fact issue. *See* Tex. R. Civ. P. 166a(c); *Walker*, 924 S.W.2d at 377. Stanley failed to come forward with any evidence to contradict these witnesses' affidavits averring that Michael died days after Laurie. We also note that these were affidavits Stanley presented in Laurie's probate proceedings. Once James presented these affidavits

21

establishing that Michael died after Laurie, Stanley was required to come forward with evidence to show that Michael did not die after Laurie. *See* Tex. R. Civ. P. 166a(c); *Walker*, 924 S.W.2d at 377. Moreover, as previously explained, James's summary-judgment evidence conclusively established the applicability of judicial estoppel regarding claims that Michael was not alive when Laurie died. *See* Tex. R. Civ. P. 166a(c).

Stanley argues on appeal that there was no evidence such as death certificates or autopsy reports to establish order of death. Yet, James included summary-judgment evidence in the form of Stanley's statement and the affidavits of two witnesses in a prior proceeding that averred Michael died *after* Laurie but did not survive her by 120 hours. Even if judicial estoppel did not apply in this situation, Stanley did not include any evidence in his response that would dispute this. *See id.*; *Walker*, 924 S.W.2d at 377 (explaining burden shifting to nonmovant to create a genuine issue of material fact once movant conclusively establishes his right to judgment). Thus, the only evidence available in the record establishes that Michael died after Laurie.

Since Stanley failed to present evidence raising a genuine issue of material fact, the trial court properly granted James's Second Amended Motion for Traditional Summary Judgment. *See* Tex. R. Civ. P. 166a(c); *Fielding*, 289 S.W.3d at 848; *Walker*, 924 S.W.2d at 377. Having determined at least one summary-

judgment ground in James's Motion was meritorious, we must affirm. *See FM Props.*, 22 S.W.3d at 872–73.

CONCLUSION

We conclude that NRF as Administrator of the Plans properly determined that the Plans' benefits were payable to Michael's estate. We also conclude that Stanley is judicially estopped from claiming that Michael was not alive at the time of Laurie's death; however, for other property implicated in these proceedings where the survival statutes may apply, Stanley is not precluded from arguing that Michael did not survive Laurie by 120 hours. Finally, having concluded the trial court properly granted Michael's Second Amended Traditional Motion for Summary Judgment, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on May 18, 2023
Opinion Delivered September 21, 2023

Before Golemon, C.J., Horton and Wright, JJ.